## Eliot, Respondent, vs. Eliot, Appellant.

*October 2 — October 14, 1890.*

MARRIAGE: ANNULMENT. (*1*) *Pleading: Residence of plaintiff.* (*2*) *Co-habitation before age of consent: Construction of statutes.* (*3*) *Age of consent: Abrogation of common-law rule.* (*4*) *When action may be maintained.* (*5*) *Suit money.*

1. In an action for the annulment of a marriage an averment in the complaint that the parties have been residents of this state for "one year immediately preceding the commencement of this action," is sufficient in respect to the residence of the plaintiff, under sec. 2359, R. S.

2. Under secs. 2350, 2353, R. S., voluntary cohabitation of the parties before the age of legal consent is reached does not defeat an action for the annulment of a marriage on the ground of want of age to assent thereto. The words, "and there shall have been no subsequent voluntary cohabitation of the parties," in sec. 2350, are *held* to relate only to marriages to which consent has been obtained by force or fraud,— such construction being necessary in order to give effect to sec. 2353.

3. Sec. 2329, R. S. (providing that persons having attained the ages therein specified shall be capable in law of contracting marriage), abrogates the common-law rule as to ages of consent, although it does not expressly declare that persons under the ages specified shall be incapable of contracting marriage.

4. An action for the annulment of a marriage on the ground that the plaintiff was under the age of legal consent may be maintained before he reaches that age.

5. It appearing in this case that the plaintiff has no pecuniary means and no capacity for earning money, but that his father is of ample pecuniary ability and is to some extent responsible for the suit, and that the defendant's father is not able to bear the expenses of the litigation, this court, in the exercise of its discretion in view of all the circumstances of the case, requires the plaintiff to pay $100 suit money to the defendant.

APPEAL from the Superior Court of *Milwaukee* County.

This action was commenced February 21, 1890, to obtain the annulment of a marriage, under sec. 2350, R. S. The complaint alleges that the parties intermarried at the city of

Milwaukee, in this state, January 5, 1890; that they have been residents of this state for the period of one year or more immediately preceding the commencement of the action; that at the time of said marriage the plaintiff had not attained the age of eighteen years, but was of the age of fifteen years on the 23d day of February, 1889; and that he has not yet attained the age of eighteen years. The relief demanded is that such marriage be decreed void from such time as shall be fixed by the judgment of the court.

The defendant demurred to the complaint on the grounds that it appears therefrom the court has no jurisdiction of the person of the plaintiff or the subject of the action, and that it does not state facts sufficient to constitute a cause of action.

After the demurrer was interposed, the plaintiff amended his complaint by adding thereto the following averments: " That on the day of said marriage, and on the day succeeding said marriage, the plaintiff and defendant had or attempted to have sexual intercourse, but at no time since said marriage have they lived together or cohabited as man and wife, or had or attempted to have sexual intercourse, except as aforesaid, and there is no possibility of issue of said marriage." The demurrer (which has been regarded and treated on all hands as a demurrer to the amended complaint) was overruled by the superior court. The defendant appeals from the order overruling the same.

For the appellant there was a brief by *Howard & Schmitt*, and oral argument by *Samuel Howard*. They contended, *inter alia*, that since our statute fixing the age of consent does not by express words declare marriages under such age void, it affects only their legality and not their validity. *Catterall v. Sweetman*, 1 Rob. Ecc. 304, 317, 320; *Meister v. Moore*, 96 U. S. 76, 79; *Blackburn v. Crawfords*, 3 Wall. 175, 185, 194; *Campbell's Adm'r v. Gullatt*, 43 Ala. 57, 67,

68; *Park v. Barron*, 20 Ga. 702; *Askew v. Dupree*, 30 id.
173; *Stevenson v. Gray*, 17 B. Mon. 193; *Harrison v. State*,
22 Md. 468; *Jones v. Jones*, 45 id. 144, 159; *Hutchins v.
Kimmell*, 31 Mich. 126; *Dickerson v. Brown*, 49 Miss. 357;
*Hargroves v. Thompson*, 31 id. 211; *Dyer v. Brannock*, 66
Mo. 391; *Walter's Appeal*, 70 Pa. St. 392; *Rodebaugh v.
Sanks*, 2 Watts, 9; *Pearson v. Howey*, 11 N. J. Law, 12;
*State v. Robbins*, 6 Ired. Law, 23; *Peck v. Peck*, 12 R. I. 485.
A marriage good at the common law is good notwithstand-
ing any statute on the subject, unless the statute contains
express words of nullity, that is, unless it prohibits the
marriage absolutely and declares it to be void. 1 Bish.
M. & D. sec. 283; *Catterall v. Sweetman*, 1 Rob. Ecc. 304;
*Stallwood v. Tredger*, 2 Phillim. 287; *Londonderry v. Chester*,
2 N. H. 268; *Pearson v. Howey*, 11 N. J. Law, 12, 19, 20,
opinion of Ford, J.; *Rodebaugh v. Sanks*, 2 Watts, 9, 11;
*Helffenstein v. Thomas*, 5 Rawle, 209; *State v. Robbins*, 6
Ired. Law, 23; *Newburg v. Brunswick*, 2 Vt. 151; *Lacon v.
Higgins*, 3 Stark. 178; *King v. St. Faiths*, 2 Dowl. & R. M.
C. 38; *Dumarsly v. Fishly*, 3 A. K. Marsh. 368; *Rex v.
Birmingham*, 8 B. & C. 29, 34; *Hargroves v. Thompson*, 31
Mo. 211; *Park v. Barron*, 20 Ga. 702; *Stevenson v. Gray*,
17 B. Mon. 193, 209; *Ferrie v. Public Adm'r*, 4 Bradf. 28;
*Bashaw v. State*, 1 Yerg. 177; *Milford v. Worcester*, 7
Mass. 48, 55; *Holmes v. Holmes*, 6 La. 463; *Cannon v. Als-
bury*, 1 A. K. Marsh. 76; *Parton v. Hervey*, 1 Gray, 119;
*White v. Lowe*, 1 Redf. 376; *Campbell's Adm'r v. Gullatt*,
43 Ala. 57; *Blackburn v. Crawfords*, 3 Wall. 175; *State v.
Murphy*, 6 Ala. 765; *Northfield v. Plymouth*, 20 Vt. 582.
Our statute fixing the age of consent is permissive, and
does not repeal the rule of the common law. 1 Bish. M. &
D. sec. 145; *Goodwin v. Thompson*, 2 Greene (Iowa), 329;
*Parton v. Hervey*, 1 Gray, 119; *Bennett v. Smith*, 21 Barb.
439; *Fitzpatrick v. Fitzpatrick*. 6 Nev. 63. The rules of

the common law cannot be repealed by implication, but the intent to repeal them must be clearly expressed. *Meek v. Pierce*, 19 Wis. 300; *Orton v. Noonan*, 29 id. 541.

For the respondent there was a brief by *Van Dyke & Van Dyke*, and oral argument by *G. D. Van Dyke*. They argued, among other things, that under the statutes of this state the age of consent has been raised to fifteen in females and eighteen in males; that a marriage between parties either of whom is below the age of consent, if not absolutely void, is at least voidable by the party below the age of consent at any time while within the age of consent, or at any time after he has arrived at that age if he has not ratified the marriage after arriving at that age. R. S. secs. 2328, 2329, 2350, 2353; Circuit Court Rule XXIX, sec. 1; *People v. Slack*, 15 Mich. 193; *People v. Bennett*, 39 id. 208; *Holtz v. Dick*, 42 Ohio St. 23, 51 Am. Rep. 791; *Shafher v. State*, 20 Ohio, 1; *McDowell v. Sapp*, 39 Ohio St. 558; *McDeed v. McDeed*, 67 Ill. 546; *Fitzpatrick v. Fitzpatrick*, 6 Nev. 63; *Koonce v. Wallace*, 7 Jones (N. C.), 194.

LYON, J. I. The first ground of demurrer assigned is that the court has no jurisdiction of the person of the plaintiff. This is based on the assumption that the complaint fails to show the plaintiff was a resident of this state when the action was commenced. But we think the complaint sufficiently alleges such residence. The averment therein is that the parties have been residents of this state for "one year immediately preceding the commencement of this action." We do not perceive how this can be true and the plaintiff have been a nonresident of the state when the action was commenced. Moreover, the provision of the statute on this subject (R. S. sec. 2359), so far as applicable here, is that "no divorce shall be granted unless the plaintiff shall have resided in this state one year immediately preceding the time of the commencement of the action, un-

less," etc. Undoubtedly this statute is applicable to this action. The complaint follows substantially the language of the statute in respect to the residence of the plaintiff, and shows that he is not within the prohibition of sec. 2359. This is sufficient.

II. The second and third grounds of demurrer go to the sufficiency of the complaint. They will be considered in their order.

1. It is claimed that, if the parties voluntarily cohabited after the marriage, no action can be maintained under sec. 2350 for the annulment of the marriage, and that the amended complaint shows such cohabitation. Although the learned counsel for the respective parties agree that the complaint may be considered as containing an averment of voluntary cohabitation after marriage, the fact is there is no such averment therein. It is only stated that after the marriage the parties "had or attempted to have sexual intercourse." This falls far short of an averment that they had such intercourse. In determining the validity of a pleading we must take it as it is, notwithstanding counsel agree that, for the purposes of the argument and decision, it may be treated as something which it is not. Hence, we cannot regard the amended complaint as containing an allegation of such voluntary cohabitation. But if the construction of sec. 2350 for which counsel for defendant contends be adopted, we are willing to assume, for the purposes of this appeal, that the complaint should negative such cohabitation. This not being done, if defendant's construction of the statute prevails, the complaint would (on the above assumption) be equally as defective as though it expressly admitted such cohabitation. This view renders a construction of the statute necessary. Sec. 2350 reads as follows: "When either of the parties to a marriage, for want of age or understanding, shall be incapable of assenting thereto, or when the consent of either party shall have

been obtained by force or fraud, and there shall have been no subsequent voluntary cohabitation of the parties, the marriage shall be void from such time as shall be fixed by the judgment of a court of competent authority declaring the nullity thereof." If the grammatical construction of the section alone be considered, it must be conceded, we think, that the qualifying words " and there shall have been no subsequent voluntary cohabitation of the parties " refer to and control actions for the annulment of marriages for incapacity to assent thereto for want of age or understanding as well as those to which assent has been obtained by force or fraud. But this is not conclusive. If there is anything in the statutes which evidences a contrary intention on the part of the legislature, such intention ought to prevail. We are of the opinion that sec. 2353 contains a provision which manifests such contrary legislative intention. It reads thus : " No marriage shall be declared a nullity on the ground that one of the parties was under the age of legal consent, if it shall appear that the parties, after they had attained such age, had, for any time, freely cohabited together as husband and wife." This provision is *in pari materia* with sec. 2350, and they must be construed together.

If voluntary cohabitation *before* the age of consent defeats an action for the annulment of a marriage under sec. 2350, there is no necessity for the provision in sec. 2353 that such cohabitation *after* the age of consent is reached shall have that effect. In that case it would be entirely superfluous. But if the qualifying words in sec. 2350 be held to relate only to actions to annul marriages to which consent has been obtained by force or fraud, both sections are operative. We must assume the legislature intended that both should be operative, else both would not have been enacted. This is too plain an evidence of legislative intention to be disregarded.

The same construction was given to the above statutes by the justices of this court in circuit court rule XXIX, adopted in 1879. It contains the following provisions: "Where an action is brought to declare a marriage a nullity on the ground that the plaintiff was under the age of legal consent, the complaint must allege that the plaintiff has not yet attained such age, or that the parties have not voluntarily cohabited together as husband and wife after the plaintiff has attained the age of legal consent. If such action be brought on the ground that the consent of the plaintiff was obtained by force or fraud, the complaint must allege that the parties have not voluntarily cohabited together since the discovery of the fraud." For the reasons above suggested we must hold that voluntary cohabitation of the parties before the age of legal consent is reached does not defeat an action for the annulment of a marriage on the ground of want of age to assent thereto.

The view we have taken of this branch of the case renders it unnecessary to determine here the meaning of the term "voluntary cohabitation" as the same is used in the statutes above cited, which was discussed by counsel in argument.

2. Sec. 2329, R. S., provides that "every male person who shall have attained the full age of eighteen years, and every female who shall have attained the full age of fifteen years, shall be capable in law of contracting marriage, if otherwise competent." We have no statute which expressly provides that persons under the ages respectively named shall be incapable of contracting marriage. Because of the omission of such prohibition in the statute, counsel for defendant has submitted an argument in support of the proposition that valid and binding marriages may still be contracted by persons who have reached the common-law ages of consent (which is understood to be fourteen years for males and twelve years for females), although they have not reached the respective ages specified in the statute. The argument

is ingenious, and the position is not unsupported by authority; but we think the weight of authority, as well as the better reason, is against it. *People v. Slack*, 15 Mich. 193, holds that the common-law rule as to the ages of consent is abrogated by a statute like our sec. 2329. Judge COOLEY delivered the opinion of the court, and the case is an instructive one. Other cases to the same effect are cited in the brief of counsel for plaintiff.

3. Lastly, counsel for defendant maintains that if the right to an annulment of this marriage for want of age exists, the plaintiff cannot be heard to assert such right until he reaches the statutory age of consent, to wit, eighteen years. Some such rule may have prevailed in early times, but the later authorities seem to reject it, we think for sufficient reasons. Tyler, in his treatise on Infancy and Coverture, says: " The better opinion now is that parties marrying before the age of consent may dissent to the marriage within nonage, and thus avoid it *in toto*." Page 126.

This marriage is not an absolute nullity. It is only annulled from such time as shall be fixed by the judgment of the court. Sec. 2350. That time may, and in many contingencies should, be fixed at a later date than that of the marriage. During the time intervening the marriage is valid. It is, so to speak, a marriage on condition subsequent, the condition being its disaffirmance by a party thereto and annulment thereof by the court from the time named. If the plaintiff had capacity to become a party to such imperfect and inchoate or conditional marriage, he should have capacity to disaffirm it any time thereafter, before it has ripened into an absolute marriage, by invoking the authority of the court to annul it under the statute. No good reason is perceived why the parties should be compelled to remain in so unfortunate a position until the plaintiff becomes eighteen years of age. Again, rule XXIX,

above cited, recognizes the plaintiff's capacity to maintain the action before he reaches that age, by prescribing what the complaint shall contain if the action is thus brought. We must hold, therefore, that the plaintiff may may maintain this action, although he has not reached the age of legal consent.

Upon the whole case our conclusion is that the court properly overruled the demurrer to the complaint.

III. The defendant has submitted a motion that the plaintiff be required to pay her a reasonable sum for her expenses of the action in this court. The motion was based upon letters addressed by plaintiff to defendant since the marriage, and upon affidavits, and was resisted by counter-affidavits. The contents of these need not be here stated any further than to say they show the plaintiff has no pecuniary means and no capacity to earn money; that his father is a man of some wealth, and advised the commencement of this suit, and aided in its prosecution by retaining counsel for his son, and that defendant's father is not able to bear the expenses of the litigation. In view of these circumstances, and of all the circumstances in the case so far as we know them, we have reached the conclusion, although not without some doubt and hesitation, that the plaintiff should be required to bear some reasonable portion of the defendant's expenses of the litigation in this court. But no very large sum can properly be allowed. We have concluded to fix it at $100. The decision of this court on the demurrer settles the law of the case in several important particulars, and we see no good reason why the case should hereafter be long protracted or very expensive. The plaintiff's father is of ample pecuniary ability, and is to some extent responsible for this suit. Although under no legal obligation to advance the money required, we think plaintiff's guardian may reasonably expect that he will do so. In

this matter this court exercises its discretion, without assuming to interfere with the discretion of any other court on similar applications.

*By the Court.*— The motion for suit money is granted, and an order therefor will be entered, as above indicated, giving the plaintiff twenty days from the entry of the order in which to comply therewith. The order of the superior court overruling the demurrer to the complaint is affirmed, without costs.