STATE ex rel. ALEXANDER W. SCOTT v. FRED L. LOWELL
and Another.

November 27, 1899.

Nos. 11,955—(218).

### Marriage under Statutory Age—G. S. 1894, § 4769.

G. S. 1894, § 4769, relating to age of competency for contracting marriage, construed, and *held*, that the marriage of a person who has not reached the age of statutory competency, but is competent by the common law, is not void, but voidable only by a judicial decree of nullity at the election of the party under the age of consent, to be exercised at any time before reaching such age, or afterwards if the parties have not voluntarily cohabited after reaching such age.

### Same—Valid until Set Aside.

Such a marriage being voidable, it is treated as valid for all civil purposes until so set aside.

### Release of Minor from Control of Parent.

Marriage emancipates a minor child from parental control. Accordingly it is *held* that, where a girl only 13 years and 11 months old marries, her father has no legal right to restrain her from living with her husband, if she so elects.

Appeal by relator from an order of the district court for Hennepin county, Brooks, J., discharging a writ of habeas corpus and remanding Sadie Scott, the wife of relator, to the care, custody, and control of respondent Fred L. Lowell, her father. On a trial de novo in the supreme court, judgment for relator.

*Chas. G. Laybourn*, for relator.

*J. N. Bearnes*, for respondent.

START, C. J.[1]

On October 18, 1899, the relator, Alexander W. Scott, a man 32 years of age, and Sadie Lowell, a girl then only 13 years and 11 months old, the daughter of the respondent Fred L. Lowell, were married, without the consent of her parents, in due form, by an ordained minister of the gospel, upon the presentation of a license

[1] COLLINS, J., did not sit.

in due form, issued by the clerk of the proper county. Cohabitation as husband and wife followed the marriage, but on the next day thereafter the father went to the house of the husband, and forcibly took his daughter away, against her will and wishes, and detained her. Thereupon a writ of habeas corpus in her behalf was sued out of the district court for the county of Hennepin, on the relation of her husband. Upon a hearing on the return of the writ the court discharged the writ, and remanded the wife to the custody and control of her father, from which order the relator appealed to this court. The cause was here heard de novo, pursuant to Laws 1895, c. 327. A referee was appointed to take and report the evidence, who did so.

The evidence establishes the facts we have already stated, and, further, that the husband is an industrious man, who has a home, and is able to support a wife and family, and that his wife is ready and anxious to return to and live with him as her husband, if relieved from the restraint of her father. The wisdom of this marriage, or the propriety of the relator's conduct in inducing this young girl to marry him, are questions which it is not our province to discuss or characterize. Moralize as we may, the fact remains that the parties were married, and the marriage has been consummated; hence we are now simply to inquire dispassionately as to the legal status of the parties. The question presented by the record is, was this marriage void or voidable, and, if the latter, did it emancipate the wife from the custody of her father?

The common law established the age of consent to the marriage contract at 14 years for males and 12 years for females, but our statute (G. S. 1894, § 4769) provides that

"Every male person who has attained the full age of eighteen years, and every female who has attained the full age of fifteen years, is capable in law of contracting marriage, if otherwise competent."

But the statute does not declare that, if a marriage is entered into when one or both of the parties are under the age limit prescribed, the marriage shall be void. It does, however, impose restrictions and penalties upon public officers and clergymen, for the purpose of preventing, so far as possible, such marriages being solemnized; but

the statute has, for wise reasons, stopped short of declaring such marriages void.   Such being the case, we hold, upon principle and authority, that the marriage of a person who has not reached the age of competency as established by the statute, but is competent by the common law, is not void, but voidable only by a judicial decree of nullity at the election of the party under the age of legal consent, to be exercised at any time before reaching such age, or afterwards if the parties have not voluntarily cohabited as husband and wife after reaching the age of consent.   G. S. 1894, §§ 4769, 4786, 4788, 4789; Schouler, Dom. Rel. § 20; 14 Am. & Eng. Enc. 488; 1 Bishop, Mar. & Div. § 145; Beggs v. State, 55 Ala. 108; Eliot v. Eliot, 77 Wis. 634, 46 N. W. 806; State v. Cone, 86 Wis. 498, 57 N. W. 50.   The marriage being voidable, it must be treated as valid for all civil purposes until annulled by judicial decree.   Schouler, Dom. Rel. § 14.

Now, the question of the right of the respondent, as father of the relator's wife, to restrain her from going to her husband, must be determined upon the basis that the marriage is valid.   The marriage of a minor, even without the parent's consent, emancipates the child from the custody of the parent; for the marriage creates relations inconsistent with subjection to the control of the parent. Parental rights must yield to the necessities of the new status of the child.   1 Bishop, Mar. & Div. § 275; Schouler, Dom. Rel. § 267.   The correctness of this proposition as a general rule is admitted, but it is claimed on behalf of the father that it does not apply to this case, because the husband cannot enforce his marital rights without the consent of the wife, and that she cannot, by giving her consent to a voidable marriage, free herself from parental control, and, further, that she cannot do so until she reaches the age when she can legally affirm the marriage; that to hold otherwise would enable a girl under twelve and over seven years of age to emancipate herself by consenting to a voidable marriage.   This course of reasoning ignores the fact that the marriage, until set aside, must be, for all civil purposes, treated as valid, and that it is her new and inconsistent status as a wife which emancipates her from the control of her father.   A wife—and this girl must be regarded as such for the

purposes of this case—certainly has the capacity to consent to live with her husband.

Whether the marriage of a child under twelve years of age and over seven years would emancipate her, we need not determine. It would seem, however, that the operation of natural laws would incapacitate her in fact from assuming the new and inconsistent relations which emancipate a minor from parental control. Our conclusion is that the respondent is not legally entitled to detain his daughter, if she elects to return and live with her husband.

Therefore it is ordered that Sadie Scott, the wife of the relator, Alexander W. Scott, be freed from the restraint of her father, the respondent Fred L. Lowell, and that he surrender her to the relator, if she elects to live with him as her husband. Let judgment be so entered.

