[No. 3348. Decided March 16, 1900.]

GRACE L. AREY, *Appellant*, v. CHARLES AREY, *Respondent*.

APPEAL—REVIEW—NECESSITY FOR EXCEPTION TO FINDINGS.

The action of the court in sustaining a demurrer is reviewable upon appeal, when excepted to, although no exceptions have been made to the findings of fact and conclusions of law by the court.

MARRIAGE—ANNULMENT—SUIT MONEY.

Where there has been a *de facto* marriage, which is voidable only at the suit of the wife because contracted when laboring under the disability of want of legal age, she is entitled, when suing for an annulment of the marriage, to an allowance of suit money and alimony *pendente lite*.

SAME—REFUSAL TO ALLOW SUIT MONEY—REVIEW ON APPEAL.

Although the discretion of the trial court in allowing or disallowing suit money and alimony is not reviewable, except for abuse of discretion, the error of the court in determining as a matter of law that they are not allowable in actions for annulment of marriage is reviewable.

Appeal from Superior Court, Jefferson County.—Hon. James G. McClinton, Judge. Reversed.

*A. W. Buddress,* for appellant.

*Allen & Allen,* for respondent:

Provision cannot be made for suit money in an action to annul the marriage. *Bartlett v. Bartlett,* 1 Clarke Ch. 460; *Bloodgood v. Bloodgood,* 59 How. Pr. 42; *Park v. Park,* 53 N. Y. Supp. 677; *Bird v. Bird,* 1 Lee, 621; *Harris v. Harris,* 31 Grat. 13; *Fischli v. Fischli,* 12 Am. Dec. 251; *Chase v. Chase,* 55 Me. 21; *Sinclair v. Sinclair,* 40 Atl. 679; *Fuller v. Fuller,* 7 Pac. 241.

The opinion of the court was delivered by

Reavis, J.—Appellant commenced suit to dissolve the marriage existing between herself and the defendant on the ground of the non-age of plaintiff at the time of entering the marriage relation. The allegation was that appellant and respondent intermarried in Kitsap county on the 26th day of August, 1897, and that thereafter they were, and now are, husband and wife; that at the time of the marriage appellant was residing with her parents in Jefferson county, and was under the age of eighteen years, to-wit, sixteen years; that the marriage was contracted and consummated without the consent and against the will of her parents; that she has not since the first day of July, 1898, lived with the defendant; and that she has not ratified said marriage since she became of age. The complaint also alleged that the sum of $150 attorney's fees was reasonable, and $50 in addition thereto was required

for court costs and other expenses of suit, to enable plain-
tiff to prosecute her action; that plaintiff was without
money or means to prosecute the suit; and that defendant
had about $500 in cash, besides other property, and also
steady employment at remunerative wages. A demurrer
was interposed to the complaint, assigning three grounds,
as follows: First, that it does not state facts sufficient to
constitute a cause of action; second, that it does not state
facts sufficient to authorize an entry of judgment against
the defendant for suit money, or at all; third, plaintiff has
no legal capacity to sue.

Upon hearing the court overruled the demurrer on the
first and third grounds, but sustained it upon the second,
i. e., that a cause for suit money and alimony could not
be maintained. Judgment was entered decreeing the an-
nulment and dissolution of the marriage, but it is stated
in the judgment that the court "makes no finding" upon
the allegations relative to suit money and alimony, "for
the reason that a demurrer to the claim for alimony and
suit money has been heretofore sustained." From the
order sustaining the demurrer to the cause stated in the
complaint for suit money and alimony, and the judgment
denying it, plaintiff appeals.

Error is assigned upon the order sustaining the de-
murrer to plaintiff's complaint as to suit money and ali-
mony, and also in awarding no part of the $500 cash in
defendant's possession to plaintiff, and failure to make
any disposition of that money.

Objection is made by counsel for respondent to the con-
sideration of the cause here upon its merits, because the
appellant did not propose findings of fact and conclusions
of law, and has brought here no exceptions to the findings
of fact and conclusions of law made by the superior court.
But appellant is not complaining of the findings of fact
made by the court upon the issues on the dissolution of the

marriage. The court, having sustained respondent's demurrer to the claim for suit money and alimony, declined to take that part of the cause of action under further consideration. Appellant duly excepted to the order sustaining the demurrer on the second ground, and clearly has a right to be heard upon such exception.

The reasons stated for the dissolution of the marriage are within § 4477, Bal. Code, as follows:

" When either party to a marriage shall be incapable of consenting thereto, for want of legal age or a sufficient understanding, or when the consent of either party shall be obtained by force or fraud, such marriage is voidable, but only at the suit of the party laboring under the disability, or upon whom the force or fraud is imposed."

Section 4467, Bal. Code, declares the age of marriage for females eighteen years.

It is maintained by counsel for respondent that, the suit being one for the annulment of marriage, the provisions for suit money and alimony, under § 5722, Bal. Code (Divorce Act), are not applicable, and that the court had no inherent power to adjudge suit money and alimony. In 2 Am. & Eng. Enc. Law (2d ed.), p. 100, it is stated:

" It was the universal practice of the ecclesiastical courts in England, and is now generally the practice in the United States, upon an application by the wife to the court, in a divorce suit, to make an allowance for her support during the pendency of the suit, and for costs and expenses to enable her to properly carry it on, if she is without separate means and the husband is able to support her, whether she be libelant or respondent, without a consideration of the merits of the case."

And also, at page 104, idem.:

" So in suits for divorce rendering the marriage null and void from the beginning, as where divorce is sought on the ground of another marriage, alimony *pendente lite* may be allowed upon proof of a marriage in fact."

In the case of *Eliot v. Eliot,* 77 Wis. 634 (46 N. W. 806, 10 L. R. A. 568), suit money seems to have been allowed the wife in an action to annul the marriage on the ground of the non-age of the husband. In *Lea v. Lea,* 104 N. C. 603 (10 S. E. 488, 17 Am. St. Rep. 692), the court observed:

" All that the law requires is the proof or admission of a *de facto* marriage. . . . The right to alimony *pendente lite* grows out of the changed pecuniary relations of the parties, by which the property of the wife is practically placed under the control of the husband; and this whether the marriage is valid or *de facto* only."

See, also, *Methvin v. Methvin,* 15 Ga. 97 (60 Am. Dec. 664).

While there is some apparent conflict in the courts as to whether, when the invalidity of the marriage is alleged in the complaint, alimony or suit money can be adjudged, yet it will be generally found in those cases where it has been denied that there was in fact no marriage, and the marriage stated was void *ab initio.* 2 Am. & Eng. Enc. Law, p. 104, quotes from Shelford on Marriage and Divorce, 17 Law Lib. (N. S.), 347 (587):

" After proof of a marriage in fact, alimony pending the suit will be allowed, whether it be commenced by or against the husband, not only in cases of impotency, but in all cases of nullity of the marriage, and in suits of restitution of conjugal rights, or for divorce by reason of adultery or cruelty."

In the case of *Willey v. Willey,* decided January 27, 1900 (*ante,* p. 115), in this court, it was said that if, upon the face of the record presented, the validity of the marriage is shown, suit money should be allowed. In *Kimble v. Kimble,* 17 Wash. 75 (49 Pac. 216), it was held that the wife, who without cause has been abandoned by her husband, may maintain an action for maintenance

independent of the action for divorce. It was there observed:

"Nor do we think there is any force in the contention that the statute has excluded the idea of a suit for separate maintenance, because it has provided for temporary and permanent alimony in connection with divorce proceedings. The statute which simply seeks to control alimony in divorce proceedings does not, in our judgment, imply that maintenance cannot be decreed in any other case."

But in the case presented here there was a *de facto* marriage, and such marriage is only voidable at the suit of the wife. While the principle upon which the annulment of marriage, technically speaking, is granted, is founded upon very different causes from those stated in the divorce act,—the former relating solely to some incompetency to enter the marriage status or consummate the marriage contract, and the latter to breaches of the marriage relation,— yet in the procedure for relief by a dissolution of the marriage itself, the differences have not been exactly defined or preserved. Hence the terms "annulment of marriage" and "divorce" appear not infrequently to have been used interchangeably in suits to dissolve marriage either by annulment or divorce.

The superior court, having indicated by its ruling upon the demurrer that suit money and alimony cannot be adjudged in the action here to annul the marriage, erred in its conclusion; and, while the mere discretion of the court in allowing suit money and alimony will not be disturbed, an error of law of that court in the determination of the question is reviewable.

The complaint is not sufficiently definite in its allegations with reference to property acquired by appellant and respondent after the marriage was solemnized to determine its nature, or the other important question arising, as to what character is impressed upon property acquired by a

man and woman after a *de facto* marriage, or after the assumption of the marriage relation upon the belief by either of them that the marriage has been consummated.

The cause is reversed, with direction to the superior court to allow such suit money and attorney's fees as it shall determine to be just, under the facts stated in the complaint. In all other respects the decision of the superior court is affirmed.

GORDON, C. J., and ANDERS, DUNBAR and FULLERTON, JJ., concur.