WEBB v. WAYNE CIRCUIT JUDGE.

MARRIAGE—SUIT TO ANNUL—ALLOWANCE TO WIFE—POWER OF
COURT—STATUTES.
    Where suit is brought under section 8618, 3 Comp. Laws, to an-
    nul a marriage, the court has power to require the husband
    to pay money to the wife to enable her to carry on the suit,
    though there is no statutory authority therefor, either in
    section 8628, 3 Comp. Laws, or elsewhere; the power being
    incident to the jurisdiction in such cases.

Mandamus by George B. Webb to compel Flavius L.
Brooke, circuit judge of Wayne county, to proceed with
the hearing of a bill for divorce. Submitted May 26, 1906.
(Calendar No. 21,726.) Writ denied July 3, 1906.

*Franklin L. Lord*, for relator.

OSTRANDER, J. To a bill to have a marriage declared
void upon the ground that at the time of the marriage the
wife had a living husband, the bill charging that he still
is living and still her husband, the wife filed an answer in
which she neither directly affirms nor denies the principal
fact alleged, but asserts a valid and legal marriage to re-
lator in Windsor, in the Province of Ontario, followed by
eight years of cohabitation. She asks for affirmative re-
lief by way of alimony, temporary and permanent, and a
decree of divorce. To the answer a replication was filed,
and to the cross-bill a demurrer was interposed. Upon
petition, and after a hearing, the court made an order for
the payment by complainant to defendant of a solicitor's
fee of $15. Complainant did not comply with this order,
but brought on the demurrer for hearing, when the court
refused to proceed until the order had been obeyed, and
made an order denying the motion to proceed with the
hearing. It is this order which is in question.

Relator contends that the court had no jurisdiction to make the order for expenses of defendant, because the provisions of 3 Comp. Laws, § 8628, have no application to proceedings under 3 Comp. Laws, § 8618. It is also contended that the court has no discretion in the premises, because the answer of defendant, in substance and effect, admits the invalidity of the marriage.

It is true that the statute does not in terms empower the court to require the husband to pay money to the wife to enable her to carry on a suit like this one. Neither does it in terms embrace the subject of allowances for her support. The power to grant allowances, however, has been held to be incident to divorce cases. *Goldsmith* v. *Goldsmith*, 6 Mich. 285; *Ross* v. *Ross*, 47 Mich. 185; *Haines* v. *Haines*, 35 Mich. 138. The reason asserted in *Goldsmith* v. *Goldsmith*, supra, and in *Story* v. *Story*, Walk. Ch. (Mich.) 421, for the exercise of this power, is that, without this power in the court, the wife who should have no separate property of her own would be without the requisite means of prosecuting or defending the suit and of supporting herself in the meantime. The same reasoning applies, with equal force, in cases like the present. The power of the court below to make the order is affirmed. The brief for relator admits that, if the court had jurisdiction to make the order, it was and is in force.

The writ is denied, and, as no brief has been filed on the part of respondent, without costs.

CARPENTER, C. J., and MCALVAY, HOOKER, and MOORE, JJ., concurred.