GEORGE A. RICARD, Appellant, v. LOLITA BOLLINA DE LA PREDOSA RICARD.

**Marriage and divorce:** ANNULMENT OF MARRIAGE: ALIMONY. In an action by the husband against his wife to annul the marriage on the ground that she had another living husband, which she alleged to be untrue, it is held that the wife was entitled to temporary alimony the same as in an action for divorce, the marriage being presumptively legal until the contrary was shown.

**Temporary alimony:** WHEN MAY BE GRANTED. Temporary alimony may be granted upon a motion to reconsider an order refusing the same and made at a former term.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

SATURDAY, JUNE 5, 1909.

THIS is an action in equity to annul the marriage of the plaintiff with the defendant on the ground that at the time thereof the defendant had a husband living. This is an appeal from an order granting the defendant temporary suit money and alimony.—*Affirmed.*

*H. A. Evans,* for appellant.

*R. H. Munger* and *Sam Page,* for appellee.

Sherwin, J.—The plaintiff alleged in his petition that, at the time of his marriage to the defendant, she had a husband living, known as Count Predosa, and that the plaintiff was unaware of said fact, and prayed an annulment of his marriage to the defendant. The defendant filed a motion for temporary alimony, in which she denied having a living husband at the time of her marriage to the plaintiff; and, upon a hearing of said motion at the September term of the district court, the application for alimony was denied. Thereafter, and at a subsequent term of the court, the defendant filed a motion asking that the order theretofore entered denying her application for alimony be reconsidered, and that she be allowed the same. This last motion was supported by an affidavit setting up a specific defense to the plaintiff's action.

It is the appellant's contention that the trial court was without authority to award the defendant temporary alimony in a proceeding brought to annul her marriage

1. Marriage and divorce: annulment of marriage: alimony.
to the plaintiff. It is true that the statute does not make specific provision for alimony in cases of this kind, except in section 3187 of the Code, which provides that, in case either party enter into the contract of marriage in good faith, supposing the other to be capable of contracting, and the marriage is declared a nullity, such fact shall be entered in the decree, "and the court may decree such innocent party compensation as in cases of divorce." The section from which we have quoted clearly does not specifically provide for alimony, except to the innocent party. But there is another section of the statute (section 3183), which was evidently overlooked by the appellant, and which relates to the annulment of illegal marriages: "A petition shall be filed in such cases as in actions for divorce, and all the provisions of this chapter in relation thereto shall apply to such cases, except as otherwise provided." Under

this section of the statute it is very clear to us that the trial court had the power to make the award it did. The statute provides, for the allowance of alimony in the case of divorce; and, if the section of the statute which we have set out above is to be given any force or effect at all, it must be held that alimony may be awarded in proper cases brought to annul a marriage alleged to be illegal. In this case the husband is the complaining party, and makes an allegation against the wife which she alleges to be untrue, and which she is called upon to defend. Her marriage to the plaintiff is presumed to be legal until the contrary is shown, and we know of no sound reason in law or in morals why a wife who has had so serious a charge made against her should not have the same right of assistance from her husband in defending against his charge that she would have were he asking a divorce.

While this court does not seem to have been called upon to determine this question heretofore, there is still language, used in *Daniels v. Morris,* 54 Iowa, 369, which lends some support, at least, to the conclusion we reach. In that case the wife brought an action against her husband, alleging that at the time of her marriage to him he had a living wife, and that their marriage was therefore illegal and should be annulled. She asked alimony, and sued out a writ of attachment, which was levied upon her husband's property, and it was held that it was properly so levied, basing the holding upon a provision of the statute substantially the same as section 3183. In other jurisdictions it seems to be quite generally held that alimony may be awarded for the purpose of defending an action brought to annul an illegal marriage, even in the absence of statute providing therefor. In *Higgins v. Sharp,* 164 N. Y. 4 (58 N. E. 9), the Court of Appeals of New York held that the court had inherent power, in the absence of a statute, to award temporary alimony or

suit money to enable the party charged with having knowingly contracted an illegal marriage to make defense thereto, and such was the holding in *Griffin v. Griffin,* 47 N. Y. 134, and, in *Arey v. Arey,* 22 Wash. 261 (60 Pac. 724), the Supreme Court of Washington held that, in an action brought to annul an illegal marriage, where the statute authorized the allowance of suit money in a divorce case, plaintiff was entitled to suit money. See, also, as sustaining the proposition, *Lea v. Lea,* 104 N. C. 603 (10 S. E. 488, 17 Am. St. Rep. 692); *Kimble v. Kimble,* 17 Wash. 75 (49 Pac. 216); *Hite v. Hite,* 124 Cal. 389 (57 Pac. 227, 45 L. R. A. 793, 71 Am. St. Rep. 82); *Eliot v. Eliot,* 77 Wis. 634 (46 N. W. 806, 10 L. R. A. 568); *Willits v. Willits,* 76 Neb. 228 (107 N. W. 379, 5 L. R. A. (N. S.) 767).

The appellant complains because the trial court opened up the question of awarding alimony on the second motion filed by the defendant; his contention being that 2. TEMPORARY the court had no authority to do so after ALIMONY: when may be the expiration of the term at which the granted. order was entered. There is nothing in his contention, however. The latter motion filed by the defendant was, in effect, a motion to reconsider the order which had theretofore been made upon an additional showing made by the defendant. In *Townsend v. Wisner,* 62 Iowa, 672, it was held correct practice to file a motion to set aside the order already made, and we are unable to discover any substantial difference between the motion approved in that case and the one filed herein. See, also, as bearing upon the case, *Barkdull v. Callanan,* 33 Iowa, 391, and *Chicago, Iowa & Dakota Ry. Co. v. Estes et al.,* 71 Iowa, 603.

We discover no reason for interfering with the order of the trial court, and it is therefore *affirmed.*