[S. F. No. 5702.  Department One.—October 5, 1911.]

## JAMES C. DUNPHY, by Jennie C. Dunphy, his Guardian Ad Litem, Plaintiff, Cross-Defendant, and Appellant, v. LYDIA M. DUNPHY, Defendant and Cross-Complainant and Respondent.

MARRIAGE—PERSON OF UNSOUND MIND—VALIDITY OF MARRIAGE UNTIL ANNULMENT.—The marriage of a person of unsound mind is not void *ab initio,* and is free from attack except in proceedings for annulment brought by the party injured or on behalf of the party of unsound mind, during the lives of both parties.

ID.—MARRIAGE VALID UNTIL ANNULMENT DECREE BECOMES FINAL.— Pending an action for the annulment of such a marriage, the marriage must continue to be accepted as valid until the decree of annulment therein has become final.

ID.—ALIMONY AND COUNSEL FEES IN ANNULMENT ACTIONS.—Actions to annul a marriage are governed, with respect to alimony and counsel fees, by the same principles as all other actions for divorce.  This is so, notwithstanding section 137 of the Civil Code, providing for alimony and cost money in an "action for divorce," does not by its terms include actions for annulment.

ID.—ALIMONY AND COUNSEL FEES PENDING NEW TRIAL AND APPEAL.— After judgment has been rendered in the trial court annulling a marriage on account of the unsoundness of mind of the husband, the wife, who is in good faith prosecuting a motion for a new trial and an appeal from the judgment, is entitled to an allowance to enable her to pay the expense of such further proceedings.  The power to make such an allowance continues until the judgment becomes final.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the payment to the wife of an allowance to enable her to prosecute her motion for new trial and appeal in an action brought against her to annul her marriage to the plaintiff.  James M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. H. Meredith, and Perry Evans, for Appellant.

Timothy J. Lyons, Bishop, Hoefler, Cook & Harwood, and Raymond Benjamin, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order directing plaintiff to pay defendant two thousand dollars to enable her to prosecute her motion for new trial and appeal in an action brought against her to annul the marriage solemnized between herself and plaintiff on June 22, 1909.

The complaint in that action alleged that on said day the plaintiff and defendant were married, and this allegation was admitted by the answer and found by the trial court to be true. It further alleged as the ground of the annulment sought that at the time of such marriage the plaintiff was and ever since has been "of unsound mind," and that the plaintiff has never freely cohabited with the defendant as her husband. These allegations were denied by the answer. The trial court found that the plaintiff was "of unsound mind" at the time of the marriage and until after July 21, 1909, and that the plaintiff has never since said marriage freely cohabited with the defendant as her husband, and gave judgment annulling the marriage. Defendant duly inaugurated her proceedings on motion for a new trial and for a review of the action of the trial court by this court. It was not disputed that she is prosecuting such proceedings in good faith and with reasonable grounds therefor, that she is without the means of paying the costs thereof, and that the amount allowed by the trial court is reasonably necessary to enable her to pay such expense. An appeal from the judgment of the superior court was taken on July 20, 1909, and such appeal is still pending. The sole contention of appellant is that the court had no jurisdiction to make the order, and that the evidence was insufficient to justify the same "in that there is no evidence to show, and the evidence fails to show, that defendant and cross-complainant is or ever was the wife of plaintiff and cross-defendant."

Appellant's point is that to justify an order requiring the payment of money to enable the defendant to prosecute her motion for a new trial and appeal, the marital relation must be admitted or shown by a preponderance of evidence. In support of this claim *Hite* v. *Hite*, 124 Cal. 389, [71 Am. St. Rep. 82, 45 L. R. A. 793, 57 Pac. 227], is relied upon. That case was an action for divorce by the woman on the ground of adultery, and by the defendant's answer the allegation of the complaint that the parties were married was squarely

denied. In this state of the pleadings upon an appeal from an order allowing the plaintiff alimony, counsel fees, and expense of suit, it was held that to justify alimony, marriage must be admitted, or proven to the satisfaction of the judge to whom the application is made. That decision has never been overruled or questioned. But the answer to appellant's claim and the distinguishing feature between this case and *Hite* v. *Hite,* 124 Cal. 389, [71 Am. St. Rep. 82, 45 L. R. A. 793, 57 Pac. 227], is that here the marriage is alleged by the plaintiff and stands admitted by the pleadings. Admitting the fact of marriage, plaintiff sought to have the marriage annulled on the ground that he was of unsound mind at the time of the marriage. (Civ. Code, sec. 82, subd. 3.)

It was held by this court in the recent case of *In re Gregorson's Estate,* 160 Cal. 21, [116 Pac. 60], that the effect of our statutes is that such a marriage is not void *ab initio,* and is free from attack except in proceedings for annulment brought by the party injured or on behalf of the party of unsound mind, during the lives of both parties (Civ. Code, secs. 82 and 83), and that consequently the validity of the marriage cannot be questioned after the death of the wife, in proceedings for the appointment of an administrator of her estate. It was recognized that in the absence of any statute providing otherwise, the great weight of authority is to the contrary, but it was shown by an exhaustive consideration of our statutes that the legislature has made such a marriage valid and free from attack except in the annulment proceeding already referred to. In the absence of a decree of annulment it is valid not only against the world but also as between the parties. (*Coats* v. *Coats,* 160 Cal. 671, [118 Pac. 441].) A merely voidable marriage "must be treated as valid for all civil purposes until annulled by judicial decree." (*State* v. *Lowell,* 78 Minn. 166, [79 Am. St. Rep. 358, 80 N. W. 877, 46 L. R. A. 440]; *Willits* v. *Willits,* 76 Neb. 228, [107 N. W. 379, 5 L. R. A. (N. S.) 767].) It would appear to necessarily follow that so far as the annulment proceedings are concerned it must continue to be accepted as a valid marriage until the decree of annulment therein has become final.

The power to allow alimony in cases of annulment of marriage was fully recognized by Chief Justice Beatty in his concurring opinion in *Hite* v. *Hite,* 124 Cal. 389, [71 Am. St.

Rep. 82, 45 L. R. A. 793, 57 Pac. 227], where, after saying that it is only a wife who can claim alimony, and when the fact of marriage is in issue and unproved there is no one in that position, said: "If a husband sues for divorce, alleging a marriage, of course there can be no question of the right to alimony, if he is able to pay and the wife is in need. If he sues to annul a marriage upon the ground that it was void, *ab initio,* by reason of fraud, pre-contract, insanity, et cetera, then the granting of alimony *pendente lite* would be proper, because a formal marriage is alleged and will remain a lawful and established marriage in the absence of affirmative proof by him of the existence of some fact or facts, which will invalidate it. In such a case, I concede the propriety and justice of allowing the wife (for until the fraud or other invalidating circumstances are established she is the wife) money to make her defense."

It was definitely decided by this court in the later case of *Allen* v. *Superior Court,* 133 Cal. 504, [65 Pac. 977], that the superior court may require the husband prosecuting an action against the wife for annulment of the marriage on the ground of fraud to pay the wife such money as is actually necessary to enable her to make her defense. The court said: "As to suit money, the right of the wife cannot be denied. Until her alleged fraud is established, she remains the lawful wife of the petitioner, and has the same right to defend the action to annul the marriage that he has to prosecute it, and until she is provided with the means actually necessary to make her defense, she ought not to be forced into a trial. This conclusion is sustained by all the opinions, concurring and dissenting, in the case of *Hite* v. *Hite,* 124 Cal. 389, [71 Am. St. Rep. 82, 45 L. R. A. 793, 57 Pac. 227]." This is in accord with the great weight of authority. In some of the decisions the conclusion of the court requiring the husband to make such payments is based on statutes held to confer the power, but where it is held that the only statute on the subject is one limited to proceedings for divorce for some cause occurring after the marriage, it is further generally held, to use the language of the New York court of appeals in *Higgins* v. *Sharp,* 164 N. Y. 4, 8, [58 N. E. 9], as follows: "The general jurisdiction conferred by the statute to entertain such actions carries with it, by implication, every incidental power neces-

sary for its proper exercise. When a statute gives the court jurisdiction over a class of actions it is not necessary that all the powers of the court, or all the details of the procedure and practice, should be specially enumerated. For the purpose of administering justice in such cases the court may . . . exercise such incidental powers as are usual or necessary in such cases. The power to allow alimony and counsel fees to the wife in order to enable her to live pending the action, and to present her defense, if she has one, must be regarded as incidental and necessary in all matrimonial actions. Without such power the rights of the woman, in many cases, could not be adequately protected. It seems to us, therefore, that actions to annul a marriage are governed, with respect to alimony and counsel fees, by the same principles as all other actions for divorce. When the court was vested with jurisdiction in such cases the incidental power to guard and protect the rights of the wife, which had always been regarded as a part of the jurisdiction, necessarily followed and attached upon the plainest principles of reason and justice." (See, also, *Hunt* v. *Hunt*, 23 Okla. 490, 22 L. R. A. (N. S.) 1202, [100 Pac. 541]; *Willits* v. *Willits*, 76 Neb. 228, [107 N. W. 379, 5 L. R. A. (N. S.) 767]; *Vroom* v. *Marsh*, 29 N. J. Eq. 15; *Webb* v. *Brooke*, 144 Mich. 674, [108 N. W. 358]; *Arey* v. *Arey*, 22 Wash. 261, [60 Pac. 724]; *Eliot* v. *Eliot*, 77 Wis. 634, [46 N. W. 806, 10 L. R. A. 568]; *Schroter* v. *Schroter*, 57 Misc. 199, [107 N. Y. 1065]; 2 Am. & Eng. Ency. of Law, 104, and note 3.) The later New York case of *Jones* v. *Brinsmade*, 183 N. Y. 258, [111 Am. St. Rep. 746, 3 L. R. A. (N. S.) 192, 76 N. E. 22], in no way affects the rule declared in the earlier cases.

Learned counsel do not seriously question the power of the trial court to allow the wife suit money in such cases up to such time as the husband establishes to the satisfaction of such court that the marriage should be annulled, but earnestly contends that a decree of the lower court annulling the marriage bars any allowance from the time the trial court makes its decree, notwithstanding that the judgment has not become final and the wife is in good faith and with due diligence prosecuting an appeal therefrom. The power to make the allowance to the time of judgment being established, we can see no reasonable ground for holding that it does not exist to the time the judgment becomes final. It is settled that in

ordinary divorce actions the power exists as long as the action is pending, which is from the time of the commencement of the action "until its final determination on appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (Code Civ. Proc., sec. 1049.) The same considerations which make such power pending appeal from the judgment of the trial court, essential to the adequate protection of the wife, in an ordinary action for divorce, are present in an action by the husband for annulment of the marriage, and the reasons given by the courts for holding that the power exists in the annulment action independent of express statutory provision, warrant the exercise of the power, as long as it is essential to enable the wife to make such defense in the annulment action as she may have, including necessarily such rights as are given her by the law to have the action of the trial court reviewed on appeal. The right to make such an allowance to the wife pending appeal has been upheld in some of the cases already cited, and, as already said, the right to make the allowance before judgment once being established, we can see no sound reason for denying the power so far as it may be essential to the wife's prosecution of the appeal given her by law from such judgment. For all the purposes of the annulment action, so long as the action is pending, to use the language of *Brinkley* v. *Brinkley*, 50 N. Y. 186, [10 Am. Rep. 460], "the relation actually exists upon which the right to alimony depends."

So that even if section 137 of the Civil Code providing for alimony and cost money in an "action for divorce" does not by its terms include actions for annulment, the weight of authority is in favor of the existence of the power as to cost money, nothwithstanding the absence of expresss statutory authority, and by reason of the general jurisdiction expressly conferred to entertain such actions, and *Allen* v. *Superior Court*, 133 Cal. 504, [65 Pac. 977], must be taken as deciding that such power exists in this state. In view of what we have said, it must also be held that such power exists as long as the annulment action is pending. But there is much force in the claim that the term "action for divorce" in section 137, of the Civil Code, includes such actions for annulment as are provided for in sections 81 and 82 of the Civil Code. Section 137 is a part of article IV of chapter II, title I, part

III, of the Civil Code, an article entitled "General Provisions." Chapter II is entitled "Divorce," and contains four articles, article I being entitled "Nullity" and embracing the provisions stating the causes for annulment and providing for the proceedings to obtain such relief, article II being entitled "Dissolution of Marriage" and providing for ordinary divorce proceedings, article III being entitled "Causes for Denying Divorce," and article IV, as already stated, being entitled "General Provisions." It is apparent that the term "Divorce" constituting the title of chapter II was used as including annulment proceedings, as well as divorce proceedings for causes occurring after marriage, and it may well be argued that such provisions in the subdivision entitled "General Provisions" as are appropriate in actions for annulment are applicable thereto. However, it is not necessary to definitely decide this question here, in view of what we have already said.

The order appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.