### RICHARD HOLLAND *v*. GEORGE BEARD ET AL.

CIRCUIT CLERK'S BOND.   *Marriage license.   Action by bride's father.*
   A father cannot recover damages on a circuit clerk's official bond for the marriage of his minor daughter under a license issued without his consent.   *State* v. *Baker*, 47 Miss. 88, explained.

APPEAL from the Circuit Court of Grenada County.
Hon. SAM POWEL, Judge.
*Slack & Longstreet*, for the appellant.

In the case of *State* v. *Baker*, 47 Miss. 88, the provision of the Code of 1857, which is re-enacted in Code 1871, § 1760, under which this suit is brought, is construed, and a father's right to sue upon the clerk's bond for the penalty is settled in accordance with previous rulings of this court.   *Detterly* v. *Yeamans*, 39 Miss. 475 ; *Bates* v. *Stokes*, 40 Miss. 56.   The decisions in *Ely* v. *Gammel*, 52 Ala. 584, and *Hills* v. *Hobert*, 2 Root, 48, following the rule in this State, are of greater weight than the case of *Hervey* v. *Moseley*, 7 Gray, 479, to the contrary.

*Fitz Gerald & Whitfield*, for the appellees.

The announcement in the opinion in *State* v. *Baker*, 47 Miss. 88, is a *dictum* which is opposed by the weight of authority.   *Hervey* v. *Moseley*, 7 Gray, 479 ; *Goodwin* v. *Thompson*, 2 G. Greene, 329 ; Cooley on Torts, 230 *et seq.*   After the marriage the wife's services belonged to her husband, and her father could not be damaged by their loss.   No claim is made for damage from loss before the marriage occurred.   The law of marriage overrides the parent's rights.   If the marriage was illegal, a different question would be presented.

COOPER, J., delivered the opinion of the court.

This is an action of debt upon the official bond of George Beard, as clerk of the Circuit Court of Grenada County, instituted by the appellant to recover damages for the unlawful issuance by said clerk of a marriage license authorizing the solemnization of a marriage between one C. A. Smith and the daughter of the appellant, he not having given his consent thereto and his daughter being under the age of eighteen years. By the Code of 1871, § 1760, clerks of the Circuit Courts are authorized to issue marriage licenses. But if the male intending to marry be under the age of twenty years, or the female be under the age of eighteen years, it is made the duty of the clerk, before granting the license, to require certain evidence of the consent of the parent to the marriage; and if in default of such evidence he shall issue the license, he is liable to a penalty of one thousand dollars, to be recovered by any one who shall sue therefor. By the act of 1875 (Acts 1875, p. 122) it is provided that the clerk may require an affidavit to be made by the applicant for the license, or by some credible person other than the applicant, that the parties are of the prescribed age, and thereupon the clerk is protected, unless he has actual notice that they are not of proper age. It is admitted by the appellees that the clerk failed to require any evidence of the appellant's consent to the marriage, or of the age of the daughter; and the evidence introduced shows that she was under the age of eighteen years, and that she married without the consent of her father. It is unnecessary to consider the testimony as to the value of the services of the daughter, between the time when she left her home and that at which she was married, for the appellees are not complained against for enticing away the daughter. The only allegation of wrong is that the license was illegally issued, and the license, it is clear, performed no function until the very moment of the marriage. The single question therefore presented is whether a father can recover damages against one who actively participates in bringing about a marriage of his child who is under the age of eighteen years, the father not consenting thereto. If the marriage itself is illegal because of the want of assent by the parent, then, the chain of parental authority remaining

unbroken, the right of the father to the services of the child continues, and the action may be maintained.

It is questionable whether in the United States there are any decisions to the effect that the validity of the marriage is impaired by the illegal grant of the license, or by the want of parental consent. On the contrary, the rule is well settled that " a marriage good at the common law is good notwithstanding the existence of any statute on the, subject, unless the statute contains express words of nullity." 1 Bish. on Mar. and Div. § 283. It has been decided in England that a marriage not contracted *in facie ecclesiæ*, though valid for most purposes, is not sufficient to confer rights dependent upon the marital relations, and therefore that the wife in such a marriage is not entitled to dower in the lands of the husband, nor he to administration on the estate of the wife. *Robins* v. *Crutchley*, 2 Wilson, 127 ; *Haydon* v. *Gould*, 1 Salk. 119. But in this State an irregular marriage is valid for all purposes. *Hargrovss* v. *Thompson*, 31 Miss. 211.

The right of the parent to the custody and services of his child, though it is said to arise from nature, and to be reciprocal to the duty of the parent to nurture and support the child during the years of tender infancy, is nevertheless dependent upon the laws of organized society for its protection and enforcement, and since society will not compel the performance of obligations, which tend to its own subversion, it limits or destroys the natural rights of individuals which are not consistent with its welfare. The duty of the parent to provide for his child, and the corresponding duty of the child to submit to the control of the parent, are enforced, not because they are natural duties, but because their performance is conducive to the public good. When, therefore, the preservation or harmony of the social system requires the protection of other and antagonistic domestic relations, that of parent and child, in so far as it is the source of legal rights, is dissolved. From the moment of marriage the husband and wife assume towards each other duties in the performance of which society is vitally interested, and which it will not permit to be hampered or obstructed by the assertion of conflicting rights by others. It is immaterial that one or both of the contracting parties has impaired the

rights of others by the marriage; the privileges and immunities of the relation are extended alike to the offending and the innocent, not because of tenderness toward the offender, but because a status has been assumed, which the public welfare requires shall not be disturbed. In *White* v. *Henry*, 24 Maine, 531, it was held that a father might recover from an employer the wages of his minor son who had contracted marriage without his consent, and in *State* v. *Baker*, 47 Miss. 88, it was said " that the plaintiff may sue upon the official bond for the issuance of a license for the marriage of his daughter under eighteen years of age." The former case, we think, is clearly against the weight of authority, and in the latter this point was not involved, and the remark must be considered only as the suggestion of the judge who delivered the opinion, indulged in without an examination of the law such as he would have made if the question had been involved in the decision. An essential element in the marital relation is the right of the husband to the services and society of the wife, to the exclusion of all rights of the parent, and therefore a legal marriage is a legal emancipation from parental control. The damage which the appellant has sustained resulted from a legal act, the effect of which was to displace his right to the services of his daughter; the damage is therefore *damnum absque injuria*, and this action is not maintainable. *Jones* v. *Tevis*, 4 Litt. 25 ; *Hervey* v. *Moseley*, 7 Gray, 479 ; *Goodwin* v. *Thompson*, 2 G. Greene, 329 ; Cooley on Torts, 230, 237 ; Schouler on Domestic Relations, 355.

*Judgment affirmed.*