## COCHRAN v. THE STATE.

A female at fourteen years of age being by law as competent to contract marriage as one of eighteen years or upwards, and the validity of her marriage not depending in any degree upon the consent of her parents or guardians, it is not kidnapping, under section 4368 of the code, for a man not himself under any disability, to lead, take or carry her away from her parents, against their will and without their consent, for the *bona fide* purpose of marrying her, which marriage is actually consummated, the girl herself freely consenting, and no force or fraud being used by the man either against her or her parents.

July 3, 1892.

Before Judge JENKINS. Putnam superior court. March term, 1893.

H. A. JENKINS and S. T. WINGFIELD, by brief, for plaintiff in error.

H. G. LEWIS, solicitor-general, by HINES, SHUBRICK & FELDER, and J. S. TURNER, *contra.*

SIMMONS, Justice.

Under section 1699 of the code, a female fourteen years of age is capable of contracting a valid marriage; and although the law prescribes a penalty for issuing a license for the marriage of a female under the age of eighteen years, unless the written consent of the parent or guardian of the female is produced, it has never, so far as we are informed, been held that the marriage of a female in this State between the ages of fourteen and eighteen was in the least degree invalid because the license authorizing the marriage had been issued without observing the requirement above mentioned. In other words, a female more than fourteen years of age is just as capable of entering into a contract of marriage as an adult, male or female, is of making any kind of a contract; and when she does freely and voluntarily make a contract of marriage, it is as valid and as binding upon her as would be such a contract made by a woman more

than twenty-one years of age. To the general disability of minors to make binding contracts of any kind, the above cited section of the code makes a clear and distinct exception. It follows, therefore, that a female who has arrived at the age of fourteen has a legal right to marry. The law imposes a check upon the exercise of this right by providing the safeguard already mentioned with reference to the issuing of a marriage license, but the law does not declare that a marriage is void, or in any manner impeach its validity, when the young woman, notwithstanding the unwillingness of her parents or guardian, and because of a neglect by the ordinary to perform his duty in the premises, succeeds, nevertheless, in getting married.

It appeared in the present case that the accused, without practicing any fraud or force, either upon the young lady or her parents, and without any malice, obtained the free and voluntary consent of the lady to run away and marry him; that his only purpose in taking her away was to marry her, and that the marriage was actually consummated. Under these circumstances, we are quite sure that his conviction of the offence of kidnapping under section 4368 of the code was illegal and wrong. That section provides that: "If any person shall forcibly, maliciously or fraudulently lead, take, or carry away, or decoy or entice away, any child under the age of eighteen years, from its parent or guardian, or against his, her or their will or wills, and without his, her or their consent or consents, such person so offending shall be indicted for kidnapping," etc. The terms of this section are very broad, but in our opinion they do not cover, nor were they intended to cover, a case of this kind. It may be that the marriage in question was unwise and injudicious. Certainly, it is usually safe for a female of this tender age to respect the wishes and be guided by the judgment of her parents in a

matter so serious; but as the law recognizes the validity of a marriage based upon her consent alone, even when opposed to theirs, we are unable to perceive how the other contracting party can be made a felon by entering with her into a contract which she has, as we have seen, a perfect legal right to make. Since the law makes the child capable of giving her consent to a marriage, this consent must count for something, unless it is procured by improper means. It is fair and legitimate for a man to gain her consent to marry him if he can do so without force or fraud. She would be incapable of consenting to go off with him to work for him, or for purposes of prostitution, or for any other purpose except marriage alone. As to marriage, the law makes her a grown woman, and deals with her as such. It is not for us to say whether or not the law as it now stands sufficiently protects young girls from the consequences of their own folly, or from the wooings of lovers who, though more than sufficiently ardent, are not calculated to make desirable husbands. If any change in the law be needed, it is a matter for the consideration of the law-making power.                              *Judgment reversed.*