## J. O. JACKSON v. T. B. BANISTER.

Decided October 30, 1907.

**Unlawfully Issuing Marriage License—Parent's Action for Damages.**

No action lies against a county clerk and his sureties for the loss by a father of the services of his daughter, fourteen years of age, by the unlawful issuance of a marriage license, though she would not have married without it. The marriage was valid irrespective of the license, and terminated the parent's right to service.

Appeal from the District Court of Franklin County. Tried below before Hon. P. A. Turner.

*R. T. Wilkinson,* for appellant.—Demurrer to the petition was improperly sustained. Revised Statutes of 1895, art. 2957; Penal Code, art. 284; Western Union Telegraph Co. v. Proctor, 6 Texas Civ. App., 303; Evans v. Johnson, 1 Texas Ct. Rep., 809.

*Glass, Estes & King* and *R. E. Davenport,* for appellee.—No action lies in favor of a father upon an official bond of a clerk, for damages by reason of a marriage of his minor daughter under a license unlawfully issued by the clerk without his consent. Western Union Telegraph Co. v. Proctor, 6 Texas Civ. App., 303; Ingersol v. McWillie, 9 Texas Civ. App., 543; Burr v. Wilson, 18 Texas, 368; State v. Lowell, 78 Minn., 166 (80 N. W., 877); Holland v. Beard, 59 Miss., 161; State v. Bittick, 15 S. W. Rep., 325; Commissioners v. Graham, 157 Mass., 73.

FISHER, CHIEF JUSTICE.—This is a suit instituted by the appellant against appellee Banister, as county clerk of Franklin County, and the

sureties on his official bond, for damages on account of illegally issuing a marriage license for the marriage of his daughter to one Massey.

It is alleged that the daughter at the time of the issuance of the license of marriage was a few months over fourteen years of age, and that the appellee Banister issued the license without the consent and contrary to the wishes of the appellant; and it is in effect averred that the daughter would not have married Massey without the issuance and authority of a marriage license. The petition alleges that the marriage ceremony was performed by virtue of the license, and asks for damages against the appellees on account of the loss of services of the daughter during her minority. The appellee is merely sought to be held liable for the violation of a duty as an official, and there is no averment undertaking to hold him liable as wrongfully aiding and assisting in the marriage of the daughter, other than the mere fact of the illegal issuance of the license.

The court below sustained a demurrer to the petition, evidently upon the ground that the girl, being over fourteen years of age, was capable of contracting a common-law marriage without the issuance of a license, and, having married, that fact terminated the right of the parent to the services of the daughter.

In Ingersol v. McWillie, 9 Texas Civ. App., 543; 11 Texas Civ. App., 344, and other cases stated on page 1166, 5th Rose's Notes, it is held, and the doctrine is well settled in this State, that if the parties are within the marriageable age a common-law marriage in this State is valid. It is true that the law makes it a penal offense for a clerk, without the consent of the parent, to issue a marriage license where the daughter is between 14 and 18 years of age; but there is nothing in the law that makes the marriage of the daughter within that age illegal. The daughter within that age having in fact married, its legality is recognized by the common law as construed by the decisions of this State, although the license may have been wrongfully issued. If the marriage is legal the allegiance of the daughter to the parent terminates when the marriage contract is entered into, and from that time arises the right of the husband to the value of the services of the wife. The law recognizes no dual relation and duty in such a case, for it would be incompatible with the marriage relation to recognize the right of the parent to continue control of the minor daughter after the new relationship was established. This principle is well recognized in Holland v. Beard, 59 Miss., 161, in an interesting discussion of that question under a state of facts somewhat similar to those alleged in the petition in this case.

We are of the opinion that the trial court correctly sustained the demurrer. Finding no error in the judgment, it is affirmed.

*Affirmed.*