## 26582. IRBY *v.* THE STATE.

DECIDED JANUARY 7, 1938. REHEARING DENIED MARCH 30, 1938.

*Noble E. Bowlby, Richard D. Barkley,* for plaintiff in error.
*Charles H. Garrett, solicitor-general, Norman E. English,* contra.

GUERRY, J. "Any person who shall forcibly, maliciously, or fraudulently lead, take, or carry away, or decoy or entice away, any child under the age of eighteen years from its parent or guardian, or against his will, or without his consent, shall be guilty of kidnapping." Code, § 26-1602. This section prescribes two offenses, to wit: (1) where the child has a parent or guardian, and (2) where the child has neither. *Gravett* v. *State,* 74 *Ga.* 191. In the former, the crime is against the parent. It is the fraudulent deprivation of the parent of his right to the custody and dominion of his child, and the substitution of defendant's own dominion, custody, and control over the child for that of the parent. *Gravett* v. *State,* supra. It is only where the parental control has been wrongfully attacked and abrogated that the offense under this section is complete. *Arrington* v. *State, 3 Ga. App.* 30, 33 (59 S. E. 207); *Bryant* v. *State,* 21 *Ga. App.* 668 (94 S. E. 856). It would seem to follow that if the parent has lost parental control over the child alleged to have been kidnapped, there is no violation of this section. This court in *Hunt* v. *State,* 8 *Ga. App.* 374 (69 S. E. 42), impliedly recognized this. In the present case it appears that in 1935 Dolly Asbell, the girl alleged to have been kidnapped by the defendant was married to one Hutto. She was then fourteen years and five months old. After living with Hutto for three months, she left him and returned to her parents and filed in her own name a suit for divorce. While this suit was pending she returned to her husband and lived with him, and the suit was thereafter dismissed. She again separated from her husband and returned to her parents, and while living with.

them the defendant carried her away on a trip to Savannah, Georgia. It therefore appears that she was lawfully married at the time of the alleged offense, although she was living with her parents, separate and apart from her husband. Now it is the position of the State that the evidence clearly disclosed that the parents never consented to the marriage, and for that reason they did not lose their parental power over the child.

In *Cochran* v. *State,* 91 *Ga.* 763 (18 S. E. 16), it was said: "Under section 1699 [§ 53-102] of the Code, a female fourteen years of age is capable of contracting a valid marriage; and although the law prescribes a penalty for issuing a license for the marriage of a female under the age of eighteen years, unless the written consent of the parent or guardian of the female is produced, it has never, so far as we are informed, been held that the marriage of a female in this State between the ages of fourteen and eighteen was in the least degree invalid because the license authorizing the marriage had been issued without observing the requirement above mentioned. In other words, a female more than fourteen years of age is just as capable of entering into a contract of marriage as an adult, male or female, is of making any kind of contract; and when she does freely and voluntarily make a contract of marriage, it is as valid and as binding upon her as would be such a contract made by a woman more than twenty-one years of age. . . It follows, therefore, that a female who has arrived at the age of fourteen has a legal right to marry. The law imposes a check upon the exercise of this right by providing the safeguard already mentioned with reference to the issuing of a marriage license; but the law does not declare that a marriage is void, or in any manner impeach its validity, when the young woman, notwithstanding the unwillingness of her parents or guardian, and because of a neglect by the ordinary to perform his duty in the premises, succeeds, nevertheless, in getting married." See also *Handley* v. *State,* 115 *Ga.* 584 (41 S. E. 992). From these decisions, it is apparent that the child alleged to have been kidnapped by the defendant had the right to enter into a valid marriage without the consent of and against the express wishes of her parents. It does not seem to be the consent of the parents to the marriage of their child which deprives them of parental control, but because by the marriage itself the child "as-

sumes inconsistent responsibilities." Code, § 74-108. By § 53-501 it is declared: "The husband is the head of the family, and the wife is subject to him; her legal civil existence is merged in the husband, except so far as the law recognizes her separately, either for her own protection, or for her benefit, or for the preservation of public order." To hold that a child fourteen years of age or above may enter into a valid contract of marriage without the consent of her parents, but because they did not so give their consent they may still have and exercise parental control, is to our minds to hold something that the lawmaking power did not contemplate. The marriage just as effectively manumits the child as arrival at majority does. She is, after such time, to be considered as an adult. There is a conflict of opinion in the adjudicated cases as to whether the marriage of a minor without the consent of the person in parental control emancipates such infant; but the decided weight of authority, and that which to us seems the better rule, is to the effect that a marriage even without such consent emancipates the minor. Hervey v. Moseley, 7 Gray (Mass.), 479 (66 Am. D. 515); Taunton v. Plymouth, 15 Mass. 203; Com. v. Graham, 157 Mass. 73 (31 N. E. 706, 16 L. R. A. 578, 34 Am. St. R. 255); State v. Lowell, 78 Minn. 166 (80 N. W. 877, 46 L. R. A. 440, 79 Am. St. R. 358); Holland v. Beard, 59 Miss. 161 (42 Am. R. 360); Aldrich v. Bennett, 63 N. H. 415 (56 Am. R. 529); Jackson v. Banister, 47 Tex. Civ. App. 317 (105 S. W. 66). Under this view of the case, a conviction of the defendant under the Code, § 26-1602, can not be upheld. This ruling makes it unnecessary to pass upon any other assignment of error.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*