Donald S. Taylor, J.
Plaintiff, then and now a domiciliary of New York, married defendant, then a Virginia resident, on May 10, 1956 in the Village of Cairo, Georgia. At the time the parties were aged respectively 15 years and 20 years. They separated in September, 1958. Plaintiff sues to annul the marriage on the grounds that the written consent of both her *862 parents to its solemnization had not been obtained as required by Georgia law and that she was under the age of legal consent when it was contracted. (Domestic Relations Law, § 7, subd. 1.) The law is settled in New York that “ subject to two exceptions * * * the legality of a marriage between persons sui juris is to be determined by the law of the place where it is celebrated.” The exceptions to this rule are “ cases with the prohibition of positive law; and cases involving polygamy or incest in a degree regarded generally as within the prohibition of natural law.” (Matter of May, 305 N. Y. 486, 490, 491; Thorp v. Thorp, 90 N. Y. 602; Van Voorhis v. Brintnall, 86 N. Y. 18, 24; see, also, 71 A. L. R. 2d 687 et sec[..) Only the first exception has relevancy here.
This marriage was legal in Georgia where it was solemnized. “ ‘Under section 1699 [§ 53-102] of the Code, a female fourteen years of age is capable of contracting a valid marriage; and although the law prescribes a penalty for issuing a license for the marriage of a female under the age of eighteen years, unless the written consent of the parent or guardian of the female is produced, it has never, so far as we are informed, been held that the marriage of a female in this State between the ages of fourteen and eighteen was in the least degree invalid because the license authorizing the marriage had been issued without observing the requirement above mentioned. In other words, a female more than fourteen years of age is just as capable of entering into a contract of marriage as an adult, male or female, is of making any kind of contract; and when she does freely and voluntarily make a contract of marriage, it is as valid and as binding upon her as would be such a contract by a woman more than twenty one years of age * * * It follows, therefore, that a female who has arrived at the age of fourteen has a legal right to marry. The law imposes a check upon the exercise of this right by providing the safeguard already mentioned with reference to the issuing of a marriage license; but the law does not declare that a marriage is void, or in any manner impeach its validity, when the young woman, notwithstanding the unwillingness of her parents or guardian, and because of a neglect by the ordinary to perform his duty in the premises, succeeds nevertheless, in getting married.’” (Irby v. State, 57 Ga. App. 717, 718.)
The statute of New York, upon which the plaintiff relies, is subdivision 1 of section 7 of the Domestic Relations Law which reads as follows: “A marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto: 1. Is under the age of legal consent, which *863 is eighteen years, provided that such nonage shall not of itself constitute an absolute right to the annulment of such marriage, but such annulment shall be in the discretion of the court which shall take into consideration all the facts and circumstances surrounding such marriage.”
In Matter of May (supra, pp. 492-493) which gave legal effect to a marriage between uncle and niece celebrated in Rhode Island and concededly valid there — although declared by statute in New York to be incestuous and void — the court stated: “ As section 5 of the New York Domestic Relations Law (quoted, supra) does not expressly declare void a marriage of its domiciliaries solemnized in a foreign State where such marriage is valid, the statute’s scope should not be extended by judicial construction. (Van Voorhis v. Brintnall, supra, p. 33.) Indeed, had the Legislature been so disposed it could have declared by appropriate enactment that marriages contracted in another State — which if entered into here would be void — shall have no force in this State. (Putnam v. Putnam, 25 Mass. 433, 435.) Although examples of such legislation are not wanting, we find none in New York which serve to give subdivision 3 of section 5 of the Domestic Relations Law extraterritorial effectiveness. (Van Voorhis v. Brintnall, supra, pp. 25-37.) Accordingly, as to the first exception to the general rule that a marriage valid where performed is valid everywhere, we conclude that, absent any New York statute expressing clearly the Legislature’s intent to regulate within this State marriages of its domiciliaries solemnized abroad, there is no 5 positive law ’ in this jurisdiction which serves to interdict the 1913 marriage in Rhode Island of the respondent Sam May and the decedent,”
That statement changed appropriately in respect to the section number of the statute, the names of the parties and the date and place of their marriage fits the circumstances of this ease precisely. Clearly Cunningham v. Cunningham (206 N. Y. 341) upon which the plaintiff relies — the prevailing opinion of which would seem to have overlooked the earlier cases of Van Voorhis and Thorp — by implication has been overruled by May.
Accordingly, the application is denied and the complaint dismissed on the merits, without costs.