## WALLS vs. THE STATE.

1. BIGAMY: *Venue.*
   An indictment for bigamy must be found in the county in which the biga-mous marriage occurred.

2. SAME: *Constitutional provisions.*
   The Constitution deprives the legislature of the power to provide for the indictment and trial of a person charged with bigamy in a different county from that in which the offense occurred.

3. ————: *First marriage within the age of legal consent.*
   Under an indictment for bigamy, evidence that the first marriage was within the age of legal consent is no defense, unless it also be shown that it was annulled by a court of competent jurisdiction.

APPEAL from *Jackson* Circuit Court.

Hon. WILLIAM BYERS, Circuit Judge.

*Coody,* for appellant.

*Henderson, Attorney General, contra.*

ENGLISH, CH. J.:

On the 15th of September, 1877, B. F. Walls was indicted in the Circuit Court of Jackson County, for bigamy, the indictment alleging:

That the said B. F. Walls, on the 10th day of June, 1873, in the county of Jackson, did marry one Maria McDonell, and her, the said Maria, then and there had for a wife ; and the said B. F. Walls afterwards, and whilst he was so married to the said Maria, as aforesaid, to-wit on the 10th day of May, A. D. 1877, in the County of Woodruff, in the State of Arkansas, feloniously and unlawfully did marry and take to wife one A. E. Blackford, and to her the said A. E. Blackford, was then and there married, the said Maria, his former wife, being then alive ; against the peace and dignity of the State of Arkansas."

The defendant demurred to the indictment, the court overruled the demurrer, whereupon the defendant was arraigned, and standing mute, the plea of not guilty was entered for him.

He was tried at the March Term, 1878.

On the trial the State proved by P. S. Woodward that he was a justice of the peace of Jackson County, on the 10th day of June, 1873, and that on that day he married the defendant to Maria McDonell of said county.

The State also proved by Mr. Worley, that on the 10th day of May, 1877, he was a regular minister of the Gospel, and authorized by law to solemnize marriages, and that on said day he married the defendant to one A. E. Blackford, of Woodruff County.

The State also proved by two witnesses that they were acquainted with defendant and said Maria McDonell, and that she was living at and after the date of the defendant's second marriage on the 10th day of May, 1877.

The defendant introduced his mother, Mrs. Walls, as a witness, who testified that she knew his age perfectly well, and that on the 10th day of June, 1873, he was fifteen years of age, being in his twenty-first year at the time of the trial.

The above being all of the evidence introduced, the court charged the jury :

"That if they found from the evidence that the defendant married one McDonell on or about the 10th day of August, 1873, in the County of Jackson, and afterwards, while the said wife was still living, to-wit: on the 10th day of May, 1877, married one Blackford in the County of Woodruff, they would find defendant guilty, and assess his penalty at not less than three nor more than seven years imprisonment in the penitentiary of the State, unless they further found from the evidence, that the said first marriage contract had been pronounced void by the decree or sentence of some court of competent jurisdiction, on the ground of the nullity of said marriage contract."

On behalf of the defendant the following instruction was moved, which the court overruled:

"If the jury find from the evidence that the defendant was under the age of seventeen years at the time of his first marriage, the said marriage is void, and the subsequent marriage of the defendant is not bigamy, and you will acquit the defendant."

The jury found the defendant guilty of bigamy, and fixed his punishment at three years in the penitentiary.

The defendant moved for a new trial on the grounds:

*First*—That the court erred in giving the instruction asked for the State.

*Second*—In refusing the instruction moved for defendant.

*Third*—That the verdict was contrary to law and the evidence.

The court overruled the motion, and the defendant took a bill of exceptions, etc.

He was sentenced in accordance with the verdict, and prayed an appeal, which was allowed by one of the judges of this court.

I. The criminal or bigamous marriage, with which appellant was charged, having occurred in Woodruff County, he could not be legally indicted in Jackson County. *Scoggins* v. *The State, ante.*

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the county in which the crime shall have been committed; provided, that the same may be changed to any other county of the judicial district in which the indictment is found, upon the application of the accused, etc." Sec. 10, Declaration of Rights, Constitution of 1874. *Dougan* v. *State*, 30 Ark., 41.

In overruling the demurrer to the indictment, and in charging the jury, the court below was, perhaps, mislead by a section of the bigamy statute.

The first section provides that: "Every person having a wife or husband living, who shall marry any other person, whether married or single, except in the cases specified in the next section, shall be adjudged guilty of bigamy." Gantt's Dig., sec. 1312.

The next section enumerates the exceptions. Id., sec. 1313.

Then follows this section :

"An indictment may be found against a person for a second, third, or other marriage herein provided, in any county in which such person may be apprehended, and the like proceedings, trial, judgment and sentence may be had in such county as if the offense had been committed therein, the venue in such indictment being immaterial." Id., sec. 1314.

There was a similar statute in England (9 Geo. 4, C. 31, S. 22), but the power of Parliament to regulate the matter of venue in criminal cases, was not limited by a paramount written Constitution as the legislative power is in this State. *Regina* v. *Whilley*, 1 Carnington & Kirwin, 150 ; 1 Arch. Crim. Prac. & Plead. (6 ed. Waterman), p. 74.

The legislature has no more power to provide that a man be indicted for bigamy in any county where he may be apprehended, regardless of the county in which the offense may have been committed, than it has to make a like provision as to murder, or

any other crime. The constitutional provision is the paramount law, and cannot be disregarded. The second marriage being void, the parties might be indicted for adultery in any county where they might be found cohabiting as husband and wife, if the law so provided, but not for bigamy.

II. On a trial for bigamy, the State must prove the first marriage, no matter where, and the second, or criminal marriage within the county where the indictment was found, and that the first wife was living at the time the bigamous marriage occurred, and then the burden is on the defendant to prove that he is within some of the exceptions of the statute. Of course the rule is the same if a woman be indicted for bigamy. 2 Bishop Crim. Pro. 882-3-4; *S ate* v. *Abbey,* 29 Vermont, 60; 3 Greenleaf's Evidence, secs. 204, 207-8.

The exceptions made by the statute are:

1. When the first wife or husband has been absent for five successive years, without being known to the accused within that time to be living.

2. Where the first wife or husband has been absent from the United States for the space of five years.

3. Where the former marriage has been dissolved by a court of competent authority.

4. When she former marriage has been pronounced void by the decree or sentence of a court of competent authority, on the ground of the nullity of the marriage contract.

5. Where the former marriage contract is within the age of legal consent, and has been annulled by a decree of a court of competent authority. Gantt's Dig., sec. 1313.

Sec. 4172 of Gantt's Digest provides that: "Every male who shall have arrived at the full age of seventeen years, and every female who shall have arrived at the full age of fourteen years, shall be capable in law of contracting marriage; if under those ages, their marriage is void."

But sec. 4174 provides that: " When either of the parties to a marriage shall be incapable, from *want of age* or understanding, of consenting to any marriage, or shall be incapable from physical causes of entering into the marriage state, or where the consent of either party shall have been obtained by force or fraud, the marriage shall be void from the time its nullity shall be declared by a court of competent jurisdiction."

So much of this section as relates to want of age, harmonizes with the fifth exception in the bigamy statute, which relates to marriages within the age of legal consent.

The appellant proved, by his mother, that when he was first married, he was only fifteen years of age—an overgrown boy no doubt—but he failed to prove that the marriage had been annulled by a decree of a court of competent authority, as required by the bigamy act.

By the common law, if he did not disaffirm the marriage on reaching the age of legal consent, but cohabited with the wife after arriving at such age, it would be an affirmance of the marriage contract.    Bishop on Marriage and Divorce, sec. 199, 195-6-7; Tyler on Infancy and Coverture, p. 130, etc.; 2 Kent Com., Marg. p. 78, etc.

The court below did not err in refusing the instruction moved in behalf of appellant.

But the court below should have sustained the demurrer to the indictment, because upon its face it appeared that the offense was not committed in Jackson County.

The judgment must be reversed, and the cause remanded with instructions to the court below to hold appellant to answer an indictment in the Woodruff Circuit Court, should the grand jury of that county prefer an indictment against him for that offense, and if not, to be discharged by that court.    Gantt's Digest, sec. 1838.