Eliot vs. Eliot.

---

ELIOT, by guardian *ad litem*, Appellant, vs. ELIOT, by guardian *ad litem*, Respondent.

*December 17, 1891 — February 23, 1892.*

*Marriage: Annulment: Nonage: Fraudulent representations: Estoppel: Pleading.*

1. An infant, incapable for want of age to enter into a valid contract of marriage, is incapable also to estop himself by a fraudulent declaration of his age to assert the invalidity of the marriage in an action for the annulment thereof.

2. Assuming that such infant could be so estopped, the plea of estoppel should show that the alleged fraud was such that the defendant was thereby led to believe that no legal impediment to the marriage existed. Thus, where the answer alleges that the plaintiff fraudulently represented himself to be over eighteen years old, but shows that the defendant knew that he was less than twenty-one and had parents, it should further allege that the consent of the parent was obtained and evidenced as required by the statute (sec. 2334, R. S.).

Eliot vs. Eliot.

APPEAL from the Superior Court of *Milwaukee* County.

This action was brought under sec. 2350, R. S., to annul a marriage of the parties, upon the ground that the plaintiff (the husband) was under eighteen years of age when the same was solemnized. The case was here on a former appeal, which was from an order of the superior court of Milwaukee overruling a general demurrer to the complaint, and such order was affirmed. The averments of the complaint are sufficiently stated in the report of the case on that appeal. 77 Wis. 634.

After the cause was remitted the defendant, being in default for failure to answer, applied to the court for leave to do so, and presented a proposed answer, in which, among other things, it was alleged that at different times prior to such marriage the plaintiff informed the defendant that he was nineteen years of age. The motion was heard before Mr. Justice WINSLOW, then the judge of the first circuit, but who, for the time being, was holding the superior court. Leave to put in the answer was granted on condition that the above averment be stricken therefrom. The answer was amended accordingly, and served and filed in the case. Subsequently the defendant applied to the court for leave to amend her answer by charging therein that the plaintiff falsely and fraudulently represented to the defendant, prior to their marriage, that he was nineteen years of age, and that she believed such representation, and entered into the marriage relying upon the truth thereof; and by pleading such representation as an estoppel upon the plaintiff to allege that he was under eighteen years of age at the time of the marriage. A proposed answer containing such amendments was presented with the motion. The superior court made an order granting leave to file and serve such proposed amended answer, as prayed. The plaintiff appeals from such order.

For the appellant there was a brief by *Van Dyke & Van*

*Dyke,* and oral argument by *G. D. Van Dyke.* They argued, among other things, that an infant under marriageable age cannot marry by estoppel. Bish. Mar. & Div. sec. 498; *Conroe v. Birdsall,* 1 Johns. Cas. 127; *Wieland v. Kobick,* 110 Ill. 16; *S. C.* 51 Am. Rep. 676; *Brown v. McCune,* 5 Sandf. 228; *Baker v. Stone,* 136 Mass. 405; *Whitcomb v. Joslyn,* 51 Vt. 79; *S. C.* 31 Am. Rep. 678; *Burley v. Russell,* 10 N. H. 184; *S. C.* 34 Am. Dec. 146; 7 Am. & Eng. Ency. of Law, 24–25; 10 id. 670; Cooley, Torts, 106–107, 109–110, and notes; *Buchanan v. Hubbard,* 96 Ind. 1; *Conrad v. Lane,* 26 Minn. 389; *S. C.* 37 Am. Rep. 412; *Upshaw v. Gibson,* 53 Miss. 341; *McBeth v. Trabue,* 69 Mo. 642; *Montgomery v. Gordon,* 51 Ala. 377; *Lackman v. Wood,* 25 Cal. 147; *Keen v. Coleman,* 39 Pa. St. 299; *Studwell v. Shapter,* 54 N. Y. 249; 1 Bigelow, Fraud, 357; Bisph. Eq. sec. 293; *Sims v. Everhardt,* 102 U. S. 300.

For the respondent there was a brief by *Turner, Sutherland & Timlin,* and oral argument by *W. H. Timlin.* They contended, *inter alia,* that the plaintiff is not entitled to relief because he does not come into court with clean hands. 1 Pomeroy, Eq. Jur. secs. 397, 401; *Cory v. Gertcken,* 2 Madd. 40; *Nelson v. Stocker,* 4 De G. & J. 458–464; *Wright v. Snowe,* 2 De G. & S. 321; *Pease v. Pease,* 72 Wis. 136; 2 Bish. Mar. & Div. sec. 75; *Hillyer v. Bennett,* 3 Edw. Ch. 222, 225; *Gray v. Lessington,* 2 Bosw. 257; *Smith v. Evans,* 5 Humph. 70; *Manning v. Johnson,* 26 Ala. 446, 452; *Bryant v. Pottinger,* 6 Bush, 473; *Bozeman v. Browning,* 31 Ark. 364; *Cummings v. Powell,* 8 Tex. 80; *Folts v. Ferguson,* 77 id. 301; *Pitcher v. Laycock,* 7 Ind. 398; *Kilgore v. Jordan,* 17 Tex. 341. As to the estoppel of infants in equity, they cited *Wilkinson v. Filby,* 24 Wis. 441, and note; *Spencer v. Carr,* 45 N. Y. 408; *Savage v. Foster,* 9 Mod. 35; *Ex parte Jones,* L. R. 18 Ch. Div. 109, 120; 1 Story, Eq. Jur. (12th ed.), sec. 385*a;* 2 Kent, Comm. (12th ed.), 241; 2 Pomeroy, Eq. Jur. sec. 945; *Rice v. Boyer,* 108 Ind.

Eliot vs. Eliot.

472; *Schmitheimer v. Eiseman,* 7 Bush, 298, 301; Bigelow, Estoppel (4th ed.), 585–6; *Ferguson v. Bobo,* 54 Miss. 121–135; *Hannah v. Hodgson,* 30 Beav. 19; *Ex parte Unity Jt. Stock Mut. B. Asso.* 3 De G. & J. 63.

The following opinion was filed January 12, 1892:

LYON, J.    The learned counsel for both parties seem to have treated the order giving the defendant leave to interpose the proposed amended answer as the equivalent of an order overruling a general demurrer to that portion of the answer which is pleaded as an estoppel. We see no objection to determining the appeal on that hypothesis, and perhaps the best interests of the parties require us to do so, but it must be understood that the practice is not to be regarded as a precedent to be followed in other cases.

The question which the respective counsel seem to claim or concede is presented by this appeal for determination is: Can a boy under eighteen years of age, who, by falsely and fraudulently representing himself to be nineteen years of age, has induced a woman to marry him, maintain an action to annul the marriage, he being otherwise entitled to have the same annulled? Or, stated in another form, is he estopped by his fraud to assert the invalidity of the marriage on the ground that he was under eighteen years of age when it was contracted?

Although the first proposed answer was defective in form, yet Mr. Justice WINSLOW considered the question on the merits as to whether such a fraud as is alleged in the last amended answer is fatal to the plaintiff's action, and he reached the conclusion that it was not,— observing that the great weight of authority supported his view. We think the observation a correct one, and that the conclusion which he reached is well established on principle and by authority. It is declared by statute that when either of the parties to a marriage, for want of age, shall be in-

capable of assenting thereto,— they not having voluntarily cohabited after they had attained the age of consent,— the marriage shall be void from such time as shall be fixed by the judgment of the court declaring the nullity thereof, and either party thereto may maintain an action to annul the same. R. S. secs. 2350, 2351, 2353; *Eliot v. Eliot*, 77 Wis. 634. The statute imposes no other or further restriction upon the right of action than the one above mentioned, which is contained in sec. 2353. It is fair to assume that, had the legislature intended other restrictions upon the right of action, it would have expressed the same in the statute. *Expressio unius est exclusio alterius.* In our opinion it is not permissible for the court to interpolate conditions and exceptions and restrictions upon the right of action, not expressed therein, and which would thwart the plain legislative intention on the subject. The rule of law is, we think, that an infant, incapable for want of age to enter into a valid contract of marriage, is incapable also to estop himself by a fraudulent declaration of his age to assert the invalidity of the marriage in an action for the annulment thereof. It will be time enough to enforce such an estoppel when the legislature ordains that it shall be done. It is conceded that there is some conflict in the authorities on this subject, but, as already observed, the great weight of them sustains the above views.

We have passed upon the above question because it has been fully argued, and in the future progress of the cause it is important to the parties that it be settled. Yet, for a reason which will now be stated, the question is scarcely presented by this appeal. It will be assumed for our present purpose that the contention of counsel for defendant is correct, and that the plaintiff may be estopped by his fraud, as claimed.

The plea of estoppel, to be effectual, should show that the alleged fraud was such that the defendant was thereby

led to believe that no legal impediment to the marriage existed. If it falls short of that, the estoppel is not well pleaded. The unavoidable inferences from the answer are that the defendant knew the plaintiff was under twenty-one years of age and that he had parents. She is also chargeable with knowledge of the provisions of sec. 2334, R. S., which are as follows: "If any person intending to marry shall be under the age of twenty-one years, if a male, or under the age of eighteen years, if a female, and shall not have had a former wife or husband, the consent in person or in writing of the parent or guardian having the custody of such minor, if he or she have either a parent or guardian living in this state, shall first be given to the person solemnizing the marriage before such marriage shall take place; and if such consent is in writing it shall be signed by the parent or guardian, and attested by two witnesses, one of whom shall appear and make oath before the person who shall solemnize the marriage that he saw such parent or guardian execute the same." The defendant knew, therefore, that without such consent the marriage was prohibited by law. Hence the answer should allege not only the fraud claimed, but that the consent of such parent or guardian to the marriage was obtained and evidenced as prescribed in the statute, or facts should be alleged showing that no such parent or guardian existed. True, the answer contains the averment that plaintiff "was accustomed to the ways of the world, and emancipated by his parents," but this falls far short of an averment that the consent of his parents, or one of them, to the marriage was not required before the marriage could be lawfully solemnized. Hence, although we assume that plaintiff may, by his fraud, estop himself to assert his incapacity to contract a valid marriage, it must still be held that the answer which the court permitted the defendant to interpose fails to allege an effectual estoppel. It results that in any

theory of the case the order allowing this particular answer to be interposed cannot be upheld.

This decision is not intended to prevent the trial court from granting defendant leave to interpose a proper answer. When one is interposed it is suggested that, if the same should be attacked, the better practice would be to attack it by some recognized procedure,— as a demurrer or motion to strike out portions thereof, or to make it more definite and certain.

*By the Court.*— The order appealed from is reversed, and the cause will be remanded for further proceedings according to law.

A motion for a rehearing was denied February 23, 1892.