SWENSON, by guardian *ad litem,* Respondent, vs. SWENSON, Appellant.

*January 11—February 6, 1923.*

*Marriage: Annulment: Nonage of husband: Fraud: Estoppel to assert true age: Discretion of court: Rights of parties.*

1. The age of consent, which at common law was fourteen years for males and twelve years for females, is by sec. 2329, Stats., made eighteen years for males and fifteen years for females. *Eliot v. Eliot,* 77 Wis. 634, followed.
2. A marriage entered into by persons below the age of consent and above the age of seven years and capable of consummating the marriage is voidable and not void; sec. 2350, which has been repealed, and sec. 2339n—21 being alike in that the marriage of persons under the age of consent is voidable and not void.
3. The plaintiff may not by his fraudulent conduct estop himself from setting up his known age.
4. The equitable maxim that a party must come into court with clean hands has no application in an action to annul a marriage because of the nonage of the husband.
5. The language of sec. 2351, Stats., enumerating the causes for which a marriage may be annulled, is not permissive, vesting discretion in the court in deciding whether a marriage should be annulled, and does not confer jurisdiction on the court, but defines and establishes the rights of the parties, the only condition attached by the statute to the right of a party to have a marriage avoided for nonage being that the marriage shall not have been confirmed by the party seeking such relief after arriving at the age of consent.
6. Where a plaintiff establishes his right to have his marriage annulled as provided in sec. 2351, Stats., the trial court must grant the relief prayed for.

APPEAL from a judgment of the circuit court for Pierce county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

Annulment of marriage. The case is here without a bill of exceptions upon the findings of the court. It appears that the plaintiff was born December 24, 1903. The defendant kept company with the plaintiff, commencing about July, 1919, and in the month of February or March, 1920,

the plaintiff promised to marry the defendant, had inter-course with her, which resulted in her pregnancy; that on the 21st day of July, 1920, the plaintiff, then being about sixteen and a half years of age, knowing that the defend-ant was pregnant and that he was the father of her unborn child, fraudulently represented to the county clerk of Pierce county that he was then over the age of twenty-one years, and by means of such misrepresentation secured a license to marry, and on the 21st day of July, 1920, the plaintiff and defendant intermarried; that on or about the 8th day of October, 1920, the plaintiff wilfully abandoned and de-serted the defendant, and on the 8th day of November, 1920, a child was born to the defendant named Pauline Arvis Swenson.

This action to annul the marriage was begun by the plaintiff on the 21st day of October, 1920, and the court further found that the plaintiff and defendant had not co-habited together since the 8th day of October, 1920.

The court further found that at the time of the marriage the defendant did not know the age of the plaintiff, but supposed and believed that, while he was a young man, he was old enough to contract a valid marriage and that she was wholly ignorant in regard to the law as to the age at which people might marry. At the time of her marriage the defendant was between twenty and twenty-one years of age.

Upon the facts found the court concluded that, by reason of his immaturity of age, the statutes of the state of Wis-consin entitled the plaintiff, regardless of facts found as aforesaid, to judgment annulling said marriage between him and defendant, and that judgment must therefore be entered awarding such annulment as prayed in the complaint. The judgment further provided for the maintenance of the child, Pauline Arvis, and required payment of attorney fees and suit money. Other facts were found by the court which

are immaterial, only those facts being stated which are necessary to raise the questions argued here. From the judgment the defendant appeals to this court.

For the appellant there was a brief by *McNally & Doar* of New Richmond, and oral argument by *T. H. Doar.*

For the respondent there was a brief by *Knowles & Doolittle* of River Falls, and oral argument by *W. P. Knowles* and *L. S. Doolittle.*

ROSENBERRY, J. The defendant urges that the court erred—

(a) Because the marriage will not be annulled as a matter of right to plaintiff;

(b) Because plaintiff did not come into court with clean hands;

(c) Because plaintiff is estopped by his conduct to question the validity of the marriage; and

(d) Because in divorce actions the state has a substantial, well-recognized interest and a court cannot lend its assistance in perpetrating a fraud upon a party.

Before commencing a discussion of the legal propositions involved reference will be made to the statutes of this state.

Sec. 2328. "Marriage, so far as its validity in law is concerned, is a civil contract, to which the consent of the parties capable in law of contracting is essential."

Sec. 2329. "Every male person who shall have attained the full age of eighteen years and every female who shall have attained the full age of fifteen years shall be capable in law of contracting marriage, if otherwise competent."

Sec. 2339n—1. "Marriage may be validly contracted in this state only after a license has been issued therefor, in the manner following: . . ."

Sec. 2339n—5. "No license shall be issued if either of the contracting parties be under the marriageable age of consent as established by law. If either of the contracting parties be between the age of eighteen years and twenty-one years if a male, and between the age of fifteen years and eighteen years if a female, no license shall be issued without

the consent of his or her parents or guardian, or of the parent having the actual care, custody and control of said party or parties . . ." given in the manner prescribed by law.

Sec. 2339n—7. "Any person who shall, in any affidavit or statement required or provided for by sections 2339n—4, 2339n—5, or 2339n—6, wilfully and falsely swear, or who shall procure another to swear falsely in regard to any material fact relating to the competency of either or both of the parties applying for a marriage license, or as to the ages of such parties, if minors, . . . shall be guilty of a misdemeanor, and upon conviction thereof, be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment."

Sec. 2339n—21. "All marriages hereafter contracted in violation of any of the requirements of sec. 2339n—1 shall be null and void (except as provided in sections 2339n—22 and 2339n—23) ; provided, that the parties to any such void marriage may, at any time, validate such marriage by complying with the requirements of sections 2339n—1 to 2339n—27, inclusive."

Sec. 2339n—22 provides that want of authority in the officiating person shall not make the marriage void.

Sec. 2339n—23 provides that no marriage shall be void by reason of the license having been issued without the consent of parents or guardian as provided in sec. 2339n—5 or for other irregularities not material here.

(1) Under the rule laid down in *Eliot v. Eliot,* 77 Wis. 634, 46 N. W. 806, it must be held that the age of consent, which was at common law fourteen years for males and twelve years for females, is by the provision of sec. 2329 made eighteen years for males and fifteen years for females.

(2) That a marriage entered into by persons below the age of consent and above the age of seven years and capable of consummating the marriage is voidable and not void.

It is argued by counsel for defendant that the case of *Eliot v. Eliot* referred to and which was again before the

court and is reported in 81 Wis. 295, 51 N. W. 81, should not be applied in the construction of this section because that case was decided with reference to the provisions of sec. 2350, R. S. 1878, now repealed, which provided:

"When either of the parties to a marriage, for want of age or understanding, shall be incapable of assenting thereto . . . and there shall have been no subsequent voluntary cohabitation of the parties, the marriage shall be void from such time as shall be fixed by the judgment of a court of competent authority declaring the nullity thereof."

This statute clearly contemplates that such marriages are not void but voidable, and confers upon the court the power to determine as of what date the same shall be declared void. Manifestly, until one party or the other appeals to the court to annul the marriage, the court could not by its judgment fix the time as of which the marriage should be held to be void.

In *Eliot v. Eliot*, 77 Wis. 634, at p. 641 (46 N. W. 806), the language is:

"This marriage is not an absolute nullity. It is only annulled from such time as shall be fixed by the judgment of the court. Sec. 2350. That time may, and in many contingencies should, be fixed at a later date than that of the marriage. *During the time intervening the marriage is valid.* It is, so to speak, a marriage on condition subsequent, the condition being its disaffirmance by a party thereto and annulment thereof by the court from the time named."

The present statute and sec. 2350, construed in 77 Wis. 634, are alike in that the marriage of persons under the age of consent is voidable and not void.

The question of whether or not the plaintiff might by his fraudulent conduct estop himself from setting up his known age is ruled adversely to defendant's contention by *Eliot v. Eliot,* 81 Wis. 295, 51 N. W. 81. The allegations of the defendant's answer upon this matter are that defend-

ant did not know plaintiff's age and believed and relied upon his right to marry and that there was no legal impediment or otherwise to said marriage, and in good faith entered into said marriage. There are no allegations of fraud upon defendant here nor elsewhere in the answer, nor does the court find that the plaintiff made any false and fraudulent representations to defendant as to his age.

As to the contention that the plaintiff does not come into court with clean hands, we are of the opinion that that equitable maxim has no application here. The statutes declare the public policy of this state, which is that persons below the age of consent as fixed by the statute shall not marry. If parties below that age can by their conduct, fraudulent or otherwise, effect a valid marriage, they by that means circumvent the statute and defeat its purpose. *Arado v. Arado* (281 Ill. 123, 117 N. E. 816), 4 A. L. R. 28, 31.

Some very harsh language has been used by courts and text-writers as to the right of a person under the age of consent to avoid a marriage which has been consummated, but as was said by Mr. Justice Lyon in *Eliot v. Eliot,* 81 Wis. 295, 51 N. W. 81:

"In our opinion it is not permissible for the court to interpolate conditions and exceptions and restrictions upon the right of action, not expressed therein, and which would thwart the plain legislative intention on the subject."

This view is further confirmed by the provisions of sec. 2351:

"A marriage may be annulled for any of the following causes existing at the time of marriage:" (1) impotency; (2) consanguinity; (3) prior marriage; (4) fraud; (5) insanity; (6) nonage of wife; (7) "At the suit of the husband when he was under the age of eighteen at the time of the marriage, unless such marriage be confirmed by him after arriving at such age."

If it was the thought of the legislature that a husband under age might confirm and ratify a voidable marriage before arriving at the age of consent, the last clause of sub. (7) would be of no force or effect. This same argument was presented and overruled in *Eliot v. Eliot*, 77 Wis. 634, 639, 46 N. W. 806. See 79 Am. St. Rep., note beginning at bottom, of page 374, and cases cited; Case notes, 22 L. R. A. N. s. 1203.

It is argued on behalf of the defendant that the language of sec. 2351, "A marriage may be annulled for any of the following causes," is permissive; that it therefore vests in the court a discretion to say whether or not a marriage, where one or both of the parties is below the age of consent, should or should not, depending upon the circumstances of the case, be annulled. A moment's consideration is sufficient to establish the invalidity of this contention. The statute is not one conferring jurisdiction upon the court. It is one defining and establishing the rights of parties. If a party plaintiff by sufficient proof established his right to have his marriage annulled under the provisions of sec. 2351 and the court refused to grant the relief, the court would be just as much in error as it would be if it refused to grant a divorce under the provisions of sec. 2356, assuming that cruel and inhuman treatment was by the finding of the court duly and properly established. The only condition attached by the statute to the right of a party to have a marriage voidable for nonage of one or both of the parties annulled is that the marriage shall not have been confirmed by the party seeking the relief after arriving at the age of consent, which in the case of the wife is fifteen years and in the case of the husband eighteen years.

It is not contended here that the findings of fact of the trial court are not fully and amply sustained by the evidence as they are not in any way challenged upon this appeal. The plaintiff having established his right to relief

as provided by sec. 2351, there remained nothing for the court to do, as the trial court held, except to grant the relief prayed for.

*By the Court.*—Judgment affirmed.