KIBLER *v.* KIBLER.

Opinion delivered February 17, 1930.

*C. M. Wofford,* for appellant.
*C. R. Starbird,* for appellee.

SMITH, J. Mrs. Georgia Kibler brought this suit as the natural guardian and next friend of her infant son, Burl Kibler, to annul his marriage to Harriett Harned Kibler, who was also an infant, and for whom a guardian *ad litem* defended. There is no substantial conflict in the testimony, and it was to the following effect.

Burl Kibler is a minor, and became sixteen years of age on June 5, 1928, and on the 29th of August, 1928, was married to Harriett Harned, a girl of about his own age. Friends and relatives of the girl met the boy in the absence of his mother, or other friends or relatives, and accused him of having seduced the girl, who was about to become a mother, and he was threatened

with prosecution if he did not marry her. He did not deny the charge, and consented to marry, and a marriage license was procured, and the ceremony performed.

The cancellation of the marriage is prayed on account of the alleged duress, and the non-age of the boy, and he has confirmed the action of his mother in bringing this suit, as is evidenced by the testimony which he gave. He testified that he did not want to marry, and only consented to do so because of the threats of prosecution. But this plea is unavailing, as was said in the case of *Jacobs* v. *Jacobs,* 146 Ark. 49, 225 S. W. 22: "This court has held that, if a man seduces a woman, and marries her through fear of the consequences of his crime, the marriage nevertheless will be valid, and the child will be legitimate. *Honnett* v. *Honnett*, 33 Ark. 156; *Marvin* v. *Marvin,* 52 Ark. 425 [12 S. W. 875, 20 Am. St. 191]."

This suit was filed January 11, 1929, at which time a child had been born, but its father was even then under the age of seventeen years, and the court, after finding that there had been no duress, further found that the right of action, if any existed, is personal to the plaintiff, and cannot be maintained by a guardian or next friend.

Section 1111, C. & M. Digest, reads as follows: "The action of an infant must be brought by his guardian or next friend; any person may bring the action of an infant as his next friend; but the court has power to dismiss it if it is not for the benefit of the infant, or to substitute the guardian of the infant, or another person, as the next friend."

This suit was therefore properly brought by the mother of the boy as his natural guardian and next friend, but it is, of course, his suit, and, as we have said, his testimony in the case shows that it was brought with his consent and for his benefit.

Did he have the right to maintain this suit, and must he wait until he has attained full age before doing so?

Answering the last question first, it may be said that there are many cases holding that an infant cannot annul and have his marriage canceled on account of his non-age until he has attained his majority; but we think the better considered cases hold to the contrary. Indeed, we think the correct rule is that he may, after attaining the statutory age at which he may be lawfully married, yet while still a minor, ratify his marriage, and be thereafter estopped to question its validity on account of his minority, but he may, through his guardian or next friend, so long as he is of non-age, require the court having jurisdiction to annul it.

Section 7037, C. & M. Digest, reads as follows: "Every male who shall have arrived at the full age of seventeen years, and every female who shall have arrived at the age of fourteen years, shall be capable in law of contracting marriage; if under those ages their marriages are void."

There are States having similar statutes, in which it is held that a marriage by an infant below the age fixed by the statute at which an infant may be married is void; and, that no sentence or decree of a court is necessary to cancel it; but this is not the case under our statute which we have quoted, because it must be construed in connection with § 7041, C. & M. Digest, which reads as follows: "When either of the parties to a marriage shall be incapable, from want of age or understanding, of consenting to any marriage, or shall be incapable from physical causes of entering into the marriage state, or where the consent of either party shall have been obtained by force or fraud, the marriage shall be void from the time its nullity shall be declared by a court of competent jurisdiction."

When these statutes are read and construed together, as they must be, the word "void," appearing in

§ 7037, C. & M. Digest, must be held to mean "voidable," and the marriage of an infant of non-age creates the relation and imposes the obligations of a husband or a wife until its nullity shall be decreed by a court of competent jurisdiction.

In the case of *Walls* v. *State*, 32 Ark. 565, the facts were that the defendant Walls married at the age of fifteen, and, without being divorced, was married a second time, and was indicted for bigamy on account of this second marriage, and was in his twenty-first year at the time of his trial. He defended upon the ground that his first marriage was void, and that his second marriage was therefore not bigamous; but the court held that the fact that he was within the age of legal consent when his first marriage was contracted was no defense when it was not also shown that it had been annulled by a court of competent jurisdiction.

At § 33 of the chapter on Divorce and Separation in 9 R. C. L., page 273, it is said: "Continued cohabitation of the parties after reaching the age of consent validates the marriage, and it cannot thereafter be annulled. But the fact that the parties cohabited together before the complaining party reached the statutory age is not generally ground for denying a decree of annullment. It is usually recognized that an infant is not concluded by false representations of his age so as to bind him by a contract with him entered into on the faith of such representations. And, according to the better view, an infant incapable for want of age of entering into a valid marriage is incapable also of estopping himself by a fraudulent declaration of his age from asserting its invalidity in an action to annul it brought under a statute with the sole proviso that there must have been no voluntary cohabitation after the attainment of the age of consent. On the question as to when a suit may be brought to annul a marriage for want of legal age on the part of the complainant, there is some support,

especially in the early cases, for the position that the complainant cannot be heard to assert this right until he or she has reached the age of legal consent. According to the prevailing and better view, however, a party marrying before the legal age of consent may disaffirm the marriage before reaching that age, and avoid it *in toto,* and a suit for its annullment may be brought through a guardian before the legal age is attained. On principle, this view seems both logical, and in accord with public policy. The marriage is, so to speak, on condition subsequent, the condition being its disaffirmance by a party thereto, and annullment thereof by the court from the time named. If the plaintiff had capacity to become a party to such imperfect and inchoate or conditional marriage, he or she should have capacity to disaffirm it at any time thereafter, before it has ripened into an absolute marriage, by invoking the authority of the court to annul it.''

In the note to the text quoted annotated cases are cited, which themselves cite numerous cases in point which sustain the text.

In the annotator's note to the case of *Hunt* v. *Hunt,* 23 Okla. 490, 100 Pac. 541, 22 L. R. A. (N. S.) 1202, it is said: ''And it is generally held that statutes fixing the ages at which persons 'may be joined in marriage' or 'may lawfully marry,' or which prohibit the celebration of a marriage where the parties are under the prescribed ages, do not have the effect of making a marriage contracted without the statutory requisites void, but merely voidable; unless avoided, the relation remains valid. *Koonce* v. *Wallace,* 52 N. C. (7 Jones L.) 194; *Holtz* v. *Dick,* 42 Ohio St. 23, 51 Am. Rep. 791; and *State ex rel. Scott* v. *Lowell,* 78 Minn. 166, 46 L. R. A. 440, 79 Am. St. Rep. 358, 80 N. W. 877.''

Now, while the minor has the right to have his marriage annulled, he does not thereby rid himself of his obligations to his child. These continue, and his duty

to this child may be enforced by appropriate orders of court.

Section 3475, C. & M. Digest, reads as follows: "The issue of all marriages deemed null in law, or dissolved by divorce, shall be deemed and considered as legitimate."

In construing the statute just quoted, we held that children of a marriage void because the father had a former wife living are legitimate, and entitled to inherit from their father. *Cooper* v. *McCoy,* 116 Ark. 501, 173 S. W. 412; *Evatt* v. *Miller,* 114 Ark. 84, 169 S. W. 817, L. R. A. 1916C, 759.

So here, we hold that, when this minor contracted a voidable marriage, he assumed the same obligations which the law imposes upon an adult, so far as issue is concerned, and while the law permits him to be relieved of his obligations as a husband, it does not relieve him from those of a father.

A minor who is of sufficient age to be criminally responsible is liable for his torts, and may even be liable for punitive damages as an adult person, and satisfaction thereof may be had out of his estate. And what greater wrong can an infant commit than to seduce another? *Moore* v. *Wilson, ante* p. 41, 20 S. W. (2d) 310.

While the law permits an infant to throw off the obligations of a husband, contracted through a marriage while of non-age, there appears to be no policy which relieves him of his obligations as a father.

It is insisted that the relief prayed should be denied, because the minor has come into court with unclean hands, and that it is inequitable to grant him this relief.

A similar contention was made in the case of *Swenson* v. *Swenson,* 179 Wis. 536, 192 N. W. 70. A child was born in that case of a marriage contracted while the father was under age prescribed by the laws of the State of Wisconsin, and there was an appeal from a decree annulling the marriage, but providing for the maintenance of the child. For the reversal of this decree it was insisted

that the court had erred: ''Because the marriage will not be annulled as a matter of right to plaintiff; (b) because plaintiff did not come into court with clean hands; (c) because plaintiff is estopped by his conduct to question the validity of the marriage; and (d) because in divorce actions the State has a substantial, well-recognized interest, and a court cannot lend its assistance in perpetrating a fraud upon a party.''

In overruling these contentions the Supreme Court of Wisconsin said: ''It is argued on behalf of the defendant that the language of § 2351, 'a marriage may be annulled for any of the following causes,' is permissive; that it therefore vests in the court a discretion to say whether or not a marriage, where one or both of the parties is below the age of consent, should or should not, depending upon the circumstances of the case, be annulled. A moment's consideration is sufficient to establish the invalidity of this contention. The statute is not one conferring jurisdiction upon the court. It is one defining and establishing the rights of parties. If a party plaintiff by sufficient proof establish his right to have his marriage annulled under the provisions of § 2351, and the court refused to grant the relief, the court would be just as much in error, as it would be if it refused to grant a divorce under the provisions of § 2356, assuming that cruel and inhuman treatment was by the finding of the court, duly and properly established. The only condition attached by the statute to the right of a party to have a marriage voidable for non-age of one or both of the parties annulled is that the marriage shall not have been confirmed by the party seeking the relief after arriving at the age of consent, which in the case of the wife is 15 years and in the case of the husband 18 years.''

We think our statute should receive a similar construction, and the duty of the court to annul the marriage is plain, because the party asking it was under the age

required by law for contracting a valid marriage when this relief was prayed, and the decree of the court below must be reversed, and the cause will be remanded, with directions to enter a decree conforming to this opinion. We do not ourselves render this decree, because the court may find it necessary to make some provision for the maintenance of the child, and it may be necessary to hear testimony in that behalf.

HART, C. J., dissents.