[Civ. No. 25850. First Dist., Div. Three. Mar. 27, 1970.]

RAYMOND LARRY RUIZ, a Minor, etc., Plaintiff and Appellant, v. JUDY RUIZ, Defendant and Respondent.

## COUNSEL

Benjamin Travis, Sandra H. Cox and Elizabeth Truninger for Plaintiff and Appellant.

Judy Ruiz, in pro. per., for Defendant and Respondent.

Thomas M. O'Connor, City Attorney, and Raymond D. Williamson, Deputy City Attorney, as Amici Curiae.

## OPINION

**DRAPER, P. J.**—The parties to this litigation were married when appellant was but 17 years old. In applying for the marriage license, appellant male represented himself to be 18 years of age. Since he had his mother's written consent, the license issued without an order of the superior court. A court order granting permission to marry is required, in addition to parental consent, when the male is under 18 but over 16 years of age. (Civ. Code, § 56, now § 4101.) The mother was not a party to, or aware of, the misrepresentation in the application for a marriage license. Five months after the marriage, but still before the husband attained the age of 18, he filed this action for annulment through his mother, as guardian ad litem. The wife, although served, did not appear, and the facts are undisputed. The trial court nonetheless denied relief because plaintiff's knowing misrepresentation in securing the license was the basis for the relief sought. Plaintiff appeals.

The precise issue here has not been decided in California. It is established that a parent who is not a party to the fraud is neither estopped

nor barred by the "clean hands" doctrine from procuring an annulment of the child's marriage (*Vaughan* v. *Gideon,* 56 Cal.App.2d 158 [132 P.2d 529]). Nor is the parent plaintiff barred when his consent to the marriage was obtained by a fraudulent representation by his son (*Turner* v. *Turner,* 167 Cal.App.2d 636 [334 P.2d 1011]). Although these cases, particularly *Turner,* may be read as indicating that the statute (Civ. Code, § 56, now § 4101) establishes a public policy against non-age marriages, amicus curiae is technically correct in distinguishing them on the ground that in neither was the plaintiff parent seeking to take advantage of his own wrong, as is the minor plaintiff here. The amicus brief also points to the provision that "[a] marriage may be annulled" for specific grounds, including non-age (Civ. Code, § 82, now § 4425). The argument is that use of the word "may" renders the annulment wholly discretionary with the trial court.

But it seems clear that the code declares an affirmative policy of the state to restrict marriages of minors by requiring males under 18 and females under 16 to secure both parental consent and court permission to marry. This restriction is effected by making voidable a marriage lacking either such consent or permission. The restrictive policy is adequately stated in section 56 (now § 4101) and is emphasized by the provision requiring the county clerk to deny a marriage license to one who fails to meet both requirements (Civ. Code, § 69, now § 4200).

As has been pointed out in other jurisdictions, to permit a minor to effect a valid marriage by his own knowing misrepresentation is to allow him to defeat the very purpose of the statute. (*Swenson* v. *Swenson,* 179 Wis. 536 [192 N.W. 70]; *Kibler* v. *Kibler,* 180 Ark. 1152 [24 S.W.2d 867].) We note, too, that a prominent law teacher has strongly attacked injection of the "clean hands" doctrine into domestic relations cases. (Chafee, *Coming into Equity with Clean Hands* (1949) 47 Mich.L.Rev. 1065, 1083-1090.)

Although we sympathize with the reaction of the trial judge, we conclude that the clear public policy cannot be frustrated by the conduct of the minor, however reprehensible.

Judgment reversed.

Brown (H. C.), J., and Caldecott, J., concurred.